**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PEABODY ENERGY CORPORATION, GLENN L. KELLOW, and AMY B. SCHWETZ, <br><br> Defendants. | No. 1:20-cv-08024-PKC <br><br> Judge P. Kevin Castel <br><br> <u>CLASS ACTION</u> <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**OREGON PUBLIC EMPLOYEES RETIREMENT FUND FOR APPOINTMENT**
**<u>AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

## <u>TABLE OF CONTENTS</u>

**PAGE**

PRELIMINARY STATEMENT ................................................................................ 1

FACTUAL BACKGROUND ................................................................................. 3

ARGUMENT ..................................................................................................... 5

I.      OREGON PERF SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 5

      A.      The PSLRA Standard for Appointing Lead Plaintiff ............................... 5

      B.      Oregon PERF Is the "Most Adequate Plaintiff" .................................... 7

              1.      Oregon PERF's Motion Is Timely ............................................ 7

              2.      Oregon PERF Has a Substantial Financial Interest ..................... 7

              3.      Oregon PERF Satisfies Rule 23's Typicality and Adequacy
                    Requirements ....................................................................... 8

                    a.      Oregon PERF's Claims Are Typical of Those of the Class ........... 8

                    b.      Oregon PERF Satisfies the Adequacy Requirement of
                        Rule 23 ........................................................................ 9

               4.      Oregon PERF Is Precisely the Type of Lead Plaintiff Congress
                    Envisioned When It Passed the PSLRA ................................. 10

II.     OREGON PERF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL .......... 12

CONCLUSION ................................................................................................... 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)................................................................12

*In re Elan Corp. Sec. Litig.*,
    No. 1:08-cv-08761-AKH, 2009 WL 1321167 (S.D.N.Y. May 11, 2009)................................9

*Faig v. Bioscrip, Inc.*,
    No. 13 Civ. 06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)............................7, 8

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................2

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ...................................7

*In re KIT Digital, Inc. Sec. Litig.*,
    293 F.R.D. 441 (S.D.N.Y. 2013) ................................................................11

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016)........................................................8

*Micholle v. Ophthotech Corp.*,
    No. 17-CV-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018)........................6, 9, 11

*Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*,
    No. CV 09-3007(SJF)(AKT), 2010 WL 3924862 (E.D.N.Y. Aug. 17, 2010) .....................8, 9

*Randall v. Fifth St. Fin. Corp.*,
    No. 15-cv-7759, 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ...................................8

*Rauch v. Vale S.A.*,
    378 F. Supp. 3d 198 (E.D.N.Y. 2019) ........................................................6, 7, 8, 9

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
    68 F. Supp. 3d 390 (S.D.N.Y. 2014)........................................................11

*In re: Synergy Pharms. Inc. Sec. Litig.*,
    No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713 (E.D.N.Y. Nov. 20, 2019)..................11

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
    No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016)........................8

**Rules & Statutes**

Fed. R. Civ. P. 23 ...................................................................................................... *passim*

15 U.S.C. § 78u-4 *et al.* ......................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.,*
      No. 04-cv-08141 (S.D.N.Y.) .................................................................................12

*In re Bank of New York Mellon Corp. Forex Litig.,*
      No. 11-cv-09175 (S.D.N.Y.) .................................................................................11

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.,*
      No. 08-md-01963 (S.D.N.Y.) ...............................................................................12

*In re Fannie Mae 2008 Sec. Litig.,*
      No. 08-cv-07831 (S.D.N.Y.) .................................................................................12

*In re JPMorgan Chase & Co. Sec. Litig.,*
      No. 12-cv-03852 (S.D.N.Y.) .................................................................................11

*In re Satyam Comput. Servs. Ltd. Sec. Litig.,*
      No. 09-md-02027 (S.D.N.Y.) ...............................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................2, 10

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.................................................2

Proposed Lead Plaintiff Oregon Public Employees Retirement Fund ("Oregon PERF") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of its motion for the entry of an Order: (i) appointing Oregon PERF as Lead Plaintiff in the above-captioned action (the "Action"); (ii) approving Oregon PERF's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Oregon PERF—a sophisticated institutional investor—respectfully submits that it should be appointed Lead Plaintiff in the Action on behalf of a class consisting of all persons or entities who purchased or otherwise acquired Peabody Energy Corporation ("Peabody" or the "Company") common stock from April 3, 2017 through October 28, 2019, inclusive (the "Class Period"), who were damaged thereby (the "Class"). The Action seeks to recover damages caused by violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its executive officers (collectively, "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed herein, Oregon PERF respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  Oregon PERF incurred losses of *$5,446,903* on its Class Period transactions in Peabody common stock as calculated on a last-in-first-out ("LIFO") basis.[1]  Accordingly, Oregon PERF has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of the federal securities laws—an interest believed to be greater than that of any other qualified movant.

In addition to asserting a substantial financial interest in this litigation, Oregon PERF also meets the typicality and adequacy requirements of Rule 23 because: (i) its claims arise from the same course of events as those of the other Class members, (ii) it relies on similar legal theories to prove Defendants' liability, and (iii) it has retained experienced counsel and is committed to vigorously prosecuting the Action.  Furthermore, the PSLRA's legislative history shows that a large, sophisticated institutional investor like Oregon PERF is precisely the type of investor that Congress intended to empower to lead securities class action litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733; S. Rep. No. 104-98, at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685; *see also Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

---

[1]  A copy of the Certification of Oregon PERF, signed by Brian de Haan, Senior Assistant Attorney General in the Oregon Department of Justice on behalf of Oregon PERF ("Certification"), is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl.").  The Certification sets forth all transactions of Oregon PERF in Peabody common stock during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Oregon PERF on its Class Period transactions in Peabody common stock ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

Finally, pursuant to the PSLRA, Oregon PERF respectfully requests that the Court approve the selection of Labaton Sucharow as Lead Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this complexity and scale.

Accordingly, Oregon PERF respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its choice of Lead Counsel.

## FACTUAL BACKGROUND

Peabody is currently the largest coal mining company in the world, with 23 coal mines throughout the United States and Australia. One of its mines in Australia is the North Goonyella mine, which was acquired by Peabody in 2004 and through which the Company ships coal to customers in India, China and South Korea. As of the start of the Class Period, the North Goonyella mine was considered Peabody's most profitable single operation.

The Action alleges that, from April 3, 2017 through September 28, 2018, Defendants failed to disclose, and would continue to omit, the following adverse facts pertaining to the safety practices at the Company's North Goonyella mine, which were known to or recklessly disregarded by Defendants: (i) the Company had failed to implement adequate safety controls at the North Goonyella mine to prevent the risk of a spontaneous combustion event; (ii) the Company failed to follow its own safety procedures; and (iii) as a result, the North Goonyella mine was at a heightened risk of shutdown.

The truth about Peabody's inadequate safety practices was revealed when, on September 28, 2018, a fire erupted at the mine, forcing Peabody to suspend operations indefinitely.  On this news, Peabody shares fell $5.54 per share, or 13.4 percent.

The Action further alleges that, following the fire and throughout the remainder of the Class Period, Defendants failed to disclose, and would continue to omit, the following adverse facts pertaining to the feasibility of Peabody's plan to restart the North Goonyella mine: (i) the Company's low-cost plan to restart operations at the mine posed unreasonable safety and environmental risks; (ii) the Australian body responsible for ensuring acceptable health and safety standards, the Queensland Mines Inspectorate ("QMI"), would likely mandate a safer, cost-prohibitive approach; and (iii) as a result, there would be major delays in reopening the North Goonyella mine and restarting coal production.

The truth about the feasibility of Peabody's plan to restart operations at North Goonyella was revealed through a series of disclosures.  First, on February 6, 2019, Peabody revealed that contrary to previous statements, production at the North Goonyella mine would not resume in 2019, but was instead now targeted to begin to ramp in the early months of 2020.  On this news, Peabody shares fell by $3.80 per share, or 10.6 percent.

Second, on May 1, 2019, Peabody reported that it had received a directive from QMI which could lead to further delays and necessitate a re-evaluation of the Company's re-entry plan. On this news, Peabody shares fell $1.61 per share, or 5.6 percent.

Third, on July 31, 2019, Peabody reported additional delays to the reentry of North Goonyella, explaining that QMI's requirements had resulted in a slower rate of progress than Peabody's initial plan had contemplated.  As a result, Peabody suspended its 2020 production

guidance at the mine and informed investors that it was reevaluating its entire reentry plan. On this news, Peabody shares fell by $1.06 per share, or 4.8 percent.

Fourth, on August 9, 2019, QMI released a one-page document with its preliminary investigative findings indicating that Peabody had deficient safety systems at North Goonyella and that the Company was not cooperating fully with its investigation. On this news, Peabody's stock fell $0.37 per share, or 2 percent.

Finally, on October 29, 2019, Peabody disclosed that QMI was placing strict restrictions on restarting operations at the North Goonyella mine and that as a result Peabody was forced to drastically adjust its reentry plan, ultimately announcing a three year or more delay before any meaningful coal could be produced. On this news, Peabody shares declined $3.26 per share, or 22 percent.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Oregon PERF and the Class have suffered significant losses and damages.

## **ARGUMENT**

## I.    **OREGON PERF SHOULD BE APPOINTED LEAD PLAINTIFF**

Oregon PERF respectfully submits that it should be appointed Lead Plaintiff because it filed the instant motion in a timely manner, has a substantial financial interest in this litigation, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    **The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also*

15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section

21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff, (ii) has the largest financial interest in the relief sought by the class, and (iii) who otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, No. 17-CV-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018) (same); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 211 (E.D.N.Y. 2019) (same).  Under the framework established by the PSLRA, Oregon PERF is the most adequate plaintiff and should be appointed Lead Plaintiff.

6

B.    **Oregon PERF Is the "Most Adequate Plaintiff"**

1.    **Oregon PERF's Motion Is Timely**

Oregon PERF filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to

15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action caused notice regarding the

pending nature of this case to be published on *Business Wire,* a widely-circulated, national,

business-oriented news wire service, on September 28, 2020.  *See* Notice, McConville Decl., Ex.

C.  Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply

to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before

November 27, 2020.  Oregon PERF filed its motion seeking appointment as Lead Plaintiff within

this deadline and thus has satisfied the procedural requirements of the PSLRA.  *See Vale S.A.*,

378 F. Supp. 3d at 207 (finding lead plaintiff motion timely when filed on last day of noticed

sixty day period).

2.    **Oregon PERF Has a Substantial Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate

plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the

relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*,

No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

Oregon PERF incurred a substantial loss of ***$5,446,903*** on its transactions in Peabody

common stock on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl.,

Ex. B; *see also Faig v. Bioscrip, Inc.*, No. 13 Civ. 06922 (AJN), 2013 WL 6705045, at *2

(S.D.N.Y. Dec. 19, 2013) (finding the movant with the largest financial interest to be the

presumptive "most adequate plaintiff").  Accordingly, Oregon PERF has a substantial financial

interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most

7

adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, No. 15-cv-7759 (LANK), 2016 WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Oregon PERF Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Third Ave. Mgmt. LLC Sec. Litig.,* No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016) (citation omitted); *see also Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. CV 09-3007(SJF)(AKT), 2010 WL 3924862, at *5 (E.D.N.Y. Aug. 17, 2010) (explaining that the prerequisites for appointment as Lead Plaintiff include satisfaction of the requirements of Rule 23).  "In a PSLRA motion to appoint lead plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that . . . Rule 23's requirements . . . are satisfied." *Vale S.A.*, 378 F. Supp. 3d at 209–10  (quoting *Ford v. Voxx Int'l Corp.*, No. 14-CV-4183, 2015 WL 4393798, at *3 (E.D.N.Y. July 16, 2015)); *see also Kux-Kardos v. VimpelCom, Ltd.,* 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016); *Comtech*, 2010 WL 3924862, at *5 (same). Here, Oregon PERF satisfies both requirements.

### a.    Oregon PERF's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's "claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Vale S.A.*, 378 F. Supp. 3d at 210 (quoting *In re Symbol Techs., Inc. Sec. Litig.*, No. 05-CV-3923, 2006 WL 1120619, at *3 (E.D.N.Y. Apr. 26, 2006)).  Rule 23 does not require the lead plaintiff to be identically situated with all class members.  *See Faig*, 2013 WL 6705045, at *3.

Oregon PERF's claims are typical of the claims asserted by the proposed Class.  Like all members of the Class, Oregon PERF alleges that Defendants made material misstatements and omissions regarding the North Goonyella mine.  Oregon PERF, as did all of the members of the Class, purchased Peabody common stock in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.  *See Comtech*, 2010 WL 3924862, at *5 (finding typicality satisfied where the plaintiff purchased securities "during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also . . . incurred damages as a result" thereof).  Because Oregon PERF's claims "arise out of the same course of events" as do the claims of other class members, the typicality requirement is satisfied.  *Vale S.A.*, 378 F. Supp. 3d at 210; *see also Ophthotech*, 2018 WL 1307285, at *6.

### b.    Oregon PERF Satisfies the Adequacy Requirement of Rule 23

Oregon PERF likewise satisfies the adequacy requirement of Rule 23.  The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "In analyzing the adequacy requirement in the context of appointing lead plaintiff, courts consider: (1) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation; (2) whether the proposed lead plaintiff has interests that are antagonistic to other class members; and (3) whether the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims." *Vale S.A.*, 378 F. Supp. 3d at 210 (internal quotation marks and citation omitted); *see also In re Elan Corp. Sec. Litig.*, No. 1:08-cv-08761-AKH, 2009 WL 1321167, at *2 (S.D.N.Y. May 11, 2009).

Oregon PERF will fairly and adequately represent the interests of the proposed Class. Oregon PERF unquestionably has resources sufficient to pursue the above-captioned action to a

successful conclusion.  Oregon PERF has also retained counsel highly experienced in

prosecuting securities class actions vigorously and efficiently, *see infra* Section II, and timely

submitted its choice to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§

78u-4(a)(3)(A)(i)(II) and (B)(v).

Furthermore, no antagonism exists between Oregon PERF's interests and those of the

absent Class members; rather, the interests of Oregon PERF and Class members are squarely

aligned.  Oregon PERF suffered substantial losses due to Defendants' alleged misconduct and,

therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of

this action.  Finally, there is no proof that Oregon PERF is "subject to unique defenses that

render such plaintiff incapable of representing the class," because no such proof exists.  15

U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Accordingly, Oregon PERF satisfies the adequacy requirement.

### 4.    Oregon PERF Is Precisely the Type of Lead Plaintiff Congress Envisioned When It Passed the PSLRA

In addition to satisfying the requirements of Rule 23, Oregon PERF—a large,

sophisticated institutional investor—is precisely the type of investor Congress envisioned,

through the enactment of the PSLRA, to encourage to assume a more prominent role in securities

litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730,

733 ("The Conference Committee believes that increasing the role of institutional investors in

class actions will ultimately benefit shareholders and assist courts by improving the quality of

representation in securities class actions.").  Congress reasoned that increasing the role of

institutional investors, which typically have a large financial stake in the outcome of the

litigation, would be beneficial because institutional investors with a large financial stake are

more apt to effectively manage complex securities litigation.  *See id.* at 34-35, *reprinted in* 1995

U.S.C.C.A.N. at 733-34.

To this end, many courts, including courts in this District, have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See, e.g., Reitan v. China Mobile Games & Entm't Grp., Ltd.* ("*China Mobile*"), 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs") (citation omitted); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 446 (S.D.N.Y. 2013) (noting the "statutory preference for institutional lead plaintiffs"); *Ophthotech*, 2018 WL 1307285, at *6 (noting that "courts have a preference for appointing institutional investors as lead plaintiffs"); *see also In re: Synergy Pharms. Inc. Sec. Litig.*, No. 18 Civ. 873 (AMD) (VMS), 2019 WL 6150713, at *2 (E.D.N.Y. Nov. 20, 2019) ("The PSLRA's goals were to be achieved by encouraging institutional investors to serve as lead plaintiffs in a single consolidated proceeding.") (citation omitted).

Not only is Oregon PERF precisely the type of institutional investor and experienced fiduciary with ample sophistication and resources as envisioned by Congress in passing the PSLRA, but Oregon PERF also has substantial prior lead plaintiff experience in this District.  In *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-03852 (S.D.N.Y.), Oregon PERF served as lead plaintiff alongside other institutional investors and secured a $150 million recovery on behalf of the class.  Similarly, in *In re Bank of New York Mellon Corp. Forex Litigation*, No. 11-cv-09175 (S.D.N.Y.), Oregon PERF served as lead plaintiff alongside other institutional investors as secured a $180 million recovery on behalf of the class.

Accordingly, Oregon PERF has the sophistication, resources, and first-hand experience necessary to effectively litigate this matter and supervise Class counsel.

II.   **OREGON PERF'S SELECTION OF LEAD COUNSEL MERITS APPROVAL**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").  Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class."  *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Oregon PERF has selected the law firm of Labaton Sucharow to represent the Class.  Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors.  For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-08141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors; and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-01963 (S.D.N.Y.), in which the Firm served as co-lead counsel.  Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-02027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-07831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions.  *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Oregon PERF's selection of Labaton Sucharow as Lead Counsel for the Class.  The Court can be assured that, by approving Oregon PERF's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Oregon PERF respectfully requests that the Court grant its motion and enter an Order: (i) appointing Oregon PERF as Lead Plaintiff; (ii) approving Oregon PERF's selection of Labaton Sucharow as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  November 27, 2020

Respectfully submitted,

*/s/ Francis P. McConville*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant
Oregon Public Employees
Retirement Fund, and Proposed
Lead Counsel for the Class*