## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

OKLAHOMA FIREFIGHTERS PENSION
AND RETIREMENT SYSTEMT,
Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

        vs.

PEABODY ENERGY CORPORATION,
GLENN L. KELLOW, and AMY B.
SCHWETZ,

        Defendants.

Case No. 1:20-cv-08024-PKC

**CLASS ACTION**

Judge: Hon. P. Kevin Castel
Courtroom 11D

**MOVANT SCC/DUNHILL TRUST'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF
PROPOSED LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.    LEGAL ARGUMENT ............................................................................................ 2

      A.    Movant Should Be Appointed Lead Plaintiff ...................................... 2

           1.    Notice Was Properly Published Under The PSLRA.................................. 3

           2.    Movant Is "The Most Adequate Plaintiff"................................. 4

                   a.    Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice ...................................................... 4

                   b.    Movant Has The Largest Financial Interest In The Relief Sought . 5

           3.    Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23....... 6

                   a.    The Claims of Movant Are Typical Of The Claims Of Other Members Of The Class ................................................................. 7

                   b.    Movant Will Fairly And Adequately Represent The Interests Of The Class ................................................................................. 8

           4.    The Court Should Approve Movant's Choice Of Counsel........................ 9

III.    CONCLUSION...................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**

*Daniels v. City of N.Y.*, 198 F.R.D. 409 (S.D.N.Y. 2001) ............................................. 8

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) ................................... 4

*Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993)..................... 8

*Ferrari v. Impath,* No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)…....7

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) ............................................... 4, 9

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992) ................................. 8

*In re Nice Systems Sec. Litig.*, 188 F.R.D. 206 (D. N.J. 1999) ..................................... 4

*Lax v. First Merchants Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11,
    1997) ...................................................................................... 4

*Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D.
    395 (S.D.N.Y. 2004).................................................................... 4, 5, 9

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) ................................... 7

*Wilder v. Bernstein*, 499 F. Supp. 980 (S.D.N.Y. 1980)............................................. 8

*Xianglin Shi v. Sina Corp.*, No. 05-cv-2154, 2005 WL 1561438 (S.D.N.Y. July 1, 2005)............ 5

**<u>Statutes</u>**

15 U.S.C. 78u-4(a) .......................................................................... *passim*

15 U.S.C. § 77z-1(a)(3)(A) and (B)............................................................. 3

15 U.S.C. §78u-4(e)(1) ...................................................................... 6

**<u>Rules</u>**

Fed. R. Civ. P. 23(a) ...................................................................... 2, 7

Fed. R. Civ. P. 23(a)(4)...................................................................... 9

George Keritsis on behalf of SCC/Dunhill Trust ("Movant" or "SCC"), moves the Court for an order: (1) appointing Movant SCC as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); and (2) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel.[1]

## I.    INTRODUCTION

The above-captioned action is a securities class action lawsuit brought by purchasers of the common stock of Peabody Energy Corporation ("Peabody" or the "Company") against Peabody and certain of its officers and directors. The complaint allege that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information, which inflated the market price of the Company's common stock during the period beginning April 3, 2017, through and including October 28, 2019 (the "Class Period").

Plaintiffs allege that, during the Class Period, Defendants failed to disclose material adverse facts regarding the Company's financial condition.  Specifically, Plaintiffs allege that Defendants failed to disclose that Peabody was misrepresenting and/or failed to disclose adverse facts pertaining to Peabody's safety practices, particularly those at the Company's North Goonyella mine. These misrepresentations, according to Plaintiffs, rendered Defendants' statements concerning the Company's operations and its business prospects materially false and

---

[1] The PSLRA requires motions for lead plaintiff to be filed within 60 days of published notice that a securities class action has been filed.  15 U.S.C. § 78u-4(a)(3).  The PSLRA permits any putative class member -- regardless of whether they have filed a complaint -- to move for appointment of lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  In light of these statutory provisions and Section 3(A) of Your Honor's Individual Practices, Movant SCC is filing its motion papers via ECF.

misleading.  Plaintiffs bring claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5.

Movant is a suitable Lead Plaintiff and class representative in this action.  Movant has satisfied the procedural requirements of the PSLRA.  First, Movant is believed to be the movant with the largest loss and the most appropriate Lead Plaintiff due to the size of its investments in Peabody common stock as well as its interest in the litigation. Movant purchased 10,000 shares at of Peabody common stock at a price of $31.52 per share during the Class Period and suffered losses of approximately $220,000 as a result of its transactions in Peabody securities during the Class Period.  *See* Exhibits 1 and 2 to the Declaration of William B. Federman in Support of Movant SCC/Dunhill Trust's Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Federman Declaration"), filed contemporaneously herewith.  Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a). Movant's claims are typical of those of the class. Movant will also adequately represent the class. SCC will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood to serve as Lead Counsel.

## II.      LEGAL ARGUMENT

### A.      Movant Should Be Appointed Lead Plaintiff

The PSLRA, which became law on December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion

for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). The first such notice here was published on September 28, 2020, which was the same day the first Complaint was filed. *See* Exhibit 3 to the Federman Declaration.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i).

### 1.    Notice Was Properly Published Under The PSLRA

On September 28, 2020, Labaton Sucharow LLP, the law firm that filed the initial lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(A)(i) over a national newswire, *Business Wire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit 3 to the Federman Declaration.  The notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See, e.g., Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D. 395, 402 (S.D.N.Y. 2004); *Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 WL 461036, \*4 (N.D. Ill. Aug. 11, 1997); *In re Nice*

*Systems Sec. Litig.*, 188 F.R.D. 206, 216 (D. N.J. 1999); *Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996).

### 2.    Movant Is "The Most Adequate Plaintiff"

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

> (bb)    in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B) (iii)(I). Thus, the moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli,* 229 F.R.D. at 413. As discussed below, Movant satisfies each of the criteria set forth above and is entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that he is the most adequate plaintiff.

### a.    Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice

Movant has moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. Movant's motion contains the required certification setting forth, *inter alia*, Movant's transactions in Peabody securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of the class. *See* Exhibit 1 to Federman Declaration. Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

4

**b.       Movant Has The Largest Financial Interest In The Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli,* 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the movant with the largest financial interest in the relief sought. *See e.g., Xianglin Shi v. Sina Corp.,* No. 05 Civ. 2154 (NRB), 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses); *In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.,* No. Civ. A. 04-0265, 2004 WL 1221353, (E.D. Pa. June 3, 2004).

Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

§15 U.S.C. 78u-4(e)(2). If a plaintiff does not sell its securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements, its losses are measured as follows:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

5

Under the above calculation, Movant SCC has suffered net losses of $219,900.00 from its purchases of Peabody common stock during the Class Period. *See* Exhibits 1 and 2 to the Federman Declaration. As of this filing, Movant is unaware of any motion for appointment as lead plaintiff by a class member or a group of related class members that claims to have sustained greater financial losses in connection with the purchase and sale of Peabody common stock during the Class Period. Nor has Movant received any notice that any potential applicant has greater financial losses resulting from purchases of Peabody stock during the Class Period.

Movant SCC believes that it has sustained a greater financial loss in connection with the purchase and sale of Peabody's common stock during the Class Period than any competing movant for lead plaintiff. Accordingly, Movant SCC has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

### 3.     Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

6

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, courts should limit their inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); s*ee also, Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### a. The Claims of Movant Are Typical Of The Claims Of Other Members Of The Class

Rule 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

Movant's claims are typical of, if not identical to, the claims of the other members of the class. Here, Movant: (1) purchased Peabody common stock during the Class Period at prices

alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

### b.    Movant Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This Court has recognized that "[t]he adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."  *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, it is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would be a better representative.  *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered, the only remaining question is whether anyone can prove that the presumptive lead plaintiff will not fairly and adequately represent the interests of the class. *Id.* at 413; *see also In re Cavanaugh*, 306 F.3d at 732 and n.10.  Movant will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit 4 to the Federman Declaration.

Second, there are no potential conflicts between Movant and the interests of the absent class members. Movant's claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movant has pledged to protect the interests of the class, as reflected in its investor certification. *See* Exhibit 1 to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class. Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### 4.  The Court Should Approve Movant's Choice of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id.* Movant has selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation. *See* Exhibit 4 to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movant's selection of Lead Counsel.

### III.     <u>CONCLUSION</u>

For the reasons set forth above, Movant respectfully requests that the Court: (1) appoint Movant SCC as Lead Plaintiff in this action; and (2) approve Movant SCC's selection of Federman & Sherwood as Lead Counsel.

Dated:      November 27, 2020                      Respectfully submitted,

<u>*s/ William B. Federman*</u>
William B. Federman (WF9124)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile:  (405) 239-2112
-and-
212 W. Spring Valley Road
Richardson, TX  75081
wbf@federmanlaw.com

*Counsel for Movant SCC/Dunhill Trust and Proposed Lead Counsel for the Class*

### <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 27, 2020, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the counsel of record.


<u>*s/ William B. Federman*</u>
William B. Federman