# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA FIREFIGHTERS PENSION AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PEABODY ENERGY CORPORATION, GLENN L. KELLOW, and AMY B. SCHWETZ,<br><br>Defendants. | No. 1:20-cv-08024-PKC<br><br>Judge P. Kevin Castel<br><br><u>CLASS ACTION</u><br><br><u>ORAL ARGUMENT REQUESTED</u> |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE UNOPPOSED MOTION OF OREGON PUBLIC EMPLOYEES RETIREMENT FUND FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Unopposed Lead Plaintiff movant Oregon PERF[1] respectfully submits this memorandum of law in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Labaton Sucharow as Lead Counsel for the Class  *See* ECF No. 9.

**PRELIMINARY STATEMENT**

Oregon PERF, as the unopposed movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff.  With losses of nearly ***$5.5 million***, Oregon PERF has claimed the largest financial interest of any Lead Plaintiff movant. Oregon PERF is typical because its claims are based on the same facts and legal theories as the Class as a whole.  Oregon PERF is likewise adequate because its interests are squarely aligned with those of the Class and not antagonistic in any way.  Finally, as a sophisticated institutional investor, Oregon PERF is precisely the type of investor empowered by Congress to lead securities class actions through the passage of the PSLRA.

Accordingly, Oregon PERF is highly incentivized and exceedingly capable of prosecuting this case on behalf of the Class, including through the diligent oversight of its qualified choice of counsel.  Therefore, as the movant claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, Oregon PERF is entitled to the presumption of "most adequate plaintiff" under the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  As all competing movants have since withdrawn their candidacy or noted they do not oppose Oregon PERF's motion (ECF Nos. 20, 21), the statutory presumption in favor of Oregon PERF's appointment is unrebutted.  Accordingly, Oregon PERF is entitled to

---

[1]   All definitions and abbreviations used herein remain unchanged from Oregon PERF's previous submissions before the Court.  *See* ECF Nos. 9, 11.

appointment as Lead Plaintiff and respectfully requests that the Court approve its qualified choice of counsel as Lead Counsel for the Class.

## ARGUMENT

### I. OREGON PERF IS ENTITLED TO APPOINTMENT AS LEAD PLAINTIFF

Oregon PERF, a sophisticated institutional investor, has claimed the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, and is thus the presumed "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Accordingly, Oregon PERF is entitled to Lead Plaintiff appointment under the PSLRA.

#### A. Oregon PERF Has the Largest Financial Interest

Oregon PERF has claimed the largest financial interest in the outcome of this litigation. "While the PSLRA 'does not provide any explicit guidance about how to calculate" the size of a given plaintiff's financial interest, '[c]ourts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period . . . ; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period.'" *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-CV-0980 (JPO), 2019 WL 3406582, at *3 (S.D.N.Y. July 29, 2019) (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332 (S.D.N.Y. 2005)). Critically, "[f]inancial loss, the last factor, is the most important element of [the] test." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)); *see also Nakamura v. BRF S.A.*, No. 18-cv-2213 (PKC), 2018 WL 3217412, at *2 (S.D.N.Y. July 2, 2018) (Castel, J.) (same).

As applied, Oregon PERF easily prevails under all four factors when compared to the other timely movants, neither of whom have contested Oregon PERF's motion. During the Class

Period, Oregon PERF purchased 280,360 total shares, 60,629 net shares, and made $6,053,536 in net expenditures. *See* Loss Analysis, ECF No. 12-2. More importantly, with losses of **$5,446,903**, Oregon PERF has suffered a substantial loss as a result of Defendants' alleged fraud. *See id.* In sum, Oregon PERF has claimed a substantial financial interest under any relevant metric. As such, Oregon PERF has satisfied the largest financial interest requirement under the PSLRA.

      **B.**    **Oregon PERF Is Typical and Adequate**

In addition to claiming the largest financial interest, Oregon PERF has easily satisfied its preliminary showing that it is typical and adequate under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotation and internal citations omitted).

Specifically, and as discussed in its opening brief, Oregon PERF is typical because its claims are based on the same facts and legal theories as those of the Class. *See* ECF No. 11 at 8; *see also Peters v. Jinkosolar Holding Co.*, No. 11 Civ. 7133 (JPO), 2012 WL 946875, at *11 (S.D.N.Y. Mar. 19, 2012) ("The typicality requirement is satisfied when the class members' claims 'arise [ ] from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'") (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Oregon PERF is likewise adequate as it is highly incentivized to pursue recovery on behalf of the Class, its interests are not antagonistic to the Class in any way, and it has retained highly qualified counsel. *See* ECF No. 11 at 9; *see also CannaVest Corp.*, 93 F. Supp. 3d at 278 ("The adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no

3

conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'") (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

Finally, as a sophisticated institutional investor, Oregon PERF's appointment would be directly aligned with the Congressional intent in passing the PSLRA that institutions take the helm in leading securities class actions. *See* ECF No. 11 at 10-11. Indeed, Oregon PERF unquestionably possesses the resources, sophistication, and experience necessary to fulfil the fiduciary obligations of the PSLRA Lead Plaintiff. *See id.* at 11; *see also Nakamura v. BRF S.A.*, 2018 WL 3217412, at *5 (looking favorably on lead plaintiff movant's "status as an institutional investor"). Oregon PERF intends to vigorously meet these fiduciary obligations if appointed.

As a result of the foregoing, Oregon PERF has claimed the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23. Under the PSLRA's sequential lead plaintiff appointment procedure, Oregon PERF is the presumed "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As no competing movant has rebutted this statutory presumption with the requisite "proof," Oregon PERF is entitled to appointment as Lead Plaintiff. *Id.* § 78u-4(a)(3)(B)(iii)(II).

### C. Oregon PERF's Choice of Counsel Merits Approval

Finally, Oregon PERF's choice of Labaton Sucharow as Lead Counsel for the Class merits approval. As set forth in Oregon PERF's opening brief, Labaton Sucharow is a nationally recognized securities litigation firm, and is thus highly qualified to serve the Class as Lead Counsel. *See* ECF No. 11 at 12-13; *see also* Labaton Sucharow Firm Resume, ECF No. 12-4. Therefore, Oregon PERF respectfully requests that the Court approve its selection of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d

Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention").

## CONCLUSION

For the foregoing reasons, Oregon PERF respectfully requests that the Court grant its motion and enter an Order: (1) appointing Oregon PERF as Lead Plaintiff; (2) approving Oregon PERF's selection of Labaton Sucharow as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  December 11, 2020

Respectfully submitted,

*/s/ Francis P. McConville*

Christopher J. Keller
Eric J. Belfi
Francis P. McConville
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Oregon Public Employees Retirement Fund, and Proposed Lead Counsel for the Class*