UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
OKLAHOMA FIREFIGHTERS PENSION AND
RETIREMENT SYSTEM,
Individually and on Behalf of All Others
Similarly Situated,

                      Plaintiff,                      20-cv-8024 (PKC)

       -against-                    OPINION AND ORDER

PEABODY ENERGY CORPORATON, GLENN
L. KELLOW, and AMY B. SCHWETZ,

                      Defendants.

-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The complaint asserts securities fraud claims on behalf of a proposed class of shareholders who purchased Peabody Energy Corporation ("Peabody") common stock from April 3, 2017 through October 28, 2019 (the "Class Period"). (Doc 1 at ¶ 1.) Three motions for appointment as lead plaintiff have been filed. Oregon Public Employees Retirement Fund ("Oregon PERF") has filed a motion showing they purchased and/or sold Peabody stock during the Class Period, sustaining a loss of $5,446,903. (Doc 9 at 6.) Schultze Asset Management LP ("Schultze") has filed a motion showing it purchased and/or sold Peabody stock during the Class Period, incurring a loss of $2,238,598.59. (Doc 14 at 6.) Lastly, SCC/Dunhill Trust ("SCC") has filed a motion showing it purchased and/or sold Peabody stock during the Class Period, suffering a loss of $220,000. (Doc 19 at 5.)

        On December 4, 2020, SCC withdrew its motion for appointment, citing the larger financial interests that Oregon PERF and Schultze claimed to have suffered. (Doc 20.) In

addition, Schultze filed a notice that it does not oppose the motion of Oregon PERF to be appointed lead plaintiff, citing the larger financial loss that Oregon PERF claims to have suffered.  (Doc 21.)  Defendant Peabody has taken no position on the motions.  For the reasons below, Oregon PERF will be appointed lead plaintiff, with Labaton Sucharow as lead counsel for the class.

BACKGROUND

This case is brought as a putative class action asserting claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  The proposed class consists of all persons who purchased or otherwise acquired shares of Peabody during the Class Period.  Peabody is alleged to be the world's largest coal mining company, with 23 coal mines throughout the United States and Australia.  It is a Delaware corporation with its headquarters in St. Louis, Missouri.

The Complaint alleges that defendants materially misrepresented and omitted large safety issues that threatened Peabody's most profitable mine (the "North Goonyella mine"). Peabody is alleged to have concealed the safety issues, which eventually led to a fire at the mine and the Australian government's suspension of mining activity there.  After shutdown, Peabody allegedly materially misrepresented and omitted the steps that it had taken to reopen the mine, as well as the timeline of the reopening.  The Complaint alleges that defendants' material misstatements and omissions artificially inflated Peabody's stock price, which dropped each time investors learned the truth surrounding the safety issues plaguing the North Goonyella mine.

THE PSLRA'S LEAD PLAINTIFF PROVISIONS

The Private Securities Litigation Act of 1995 (the "PSLRA") establishes a procedure for the appointment of a lead plaintiff. 15 U.S.C. § 78u-4(a)(3).  The lead plaintiff requirement is intended "to prevent lawyer-driven litigation" and ensure that plaintiffs with expertise in the securities markets control the litigation, as opposed to lawyers.  In re Donnkenny Inc. Sec. Litig., 171 F.R.D. 156, 157 (S.D.N.Y. 1997) (Cedarbaum, J.).

The PSLRA provides that the district court "shall" appoint a lead plaintiff that it "determines to be most capable of adequately representing the interests of class members. . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA "requires a district court to appoint a person or persons to serve as lead plaintiff before proceeding with the adjudication of a private suit under the federal securities laws.  Two objective factors inform the district court's appointment decision: the plaintiffs' respective financial stakes in the relief sought by the class, and their ability to satisfy the requirements of Rule 23."  Hevesi v. Citigroup Inc., 366 F.3d 70, 81 (2d Cir. 2004) (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ).  Financial loss is the most important factor in weighing a plaintiff's overall "financial stakes."  See Varghese v. China Shenghuo Pharmaceutical Holdings, Inc., 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (Marrero, J.). A court also must consider the evidence, if any, submitted by a member of the purported class that the presumptive lead plaintiff will not fairly and adequately protect the class's interests, or that the plaintiff is subject to unique defenses that render it incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

OREGON PERF'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF IS GRANTED

In light of the substantial financial loss claimed by Oregon PERF, and because it it is capable of adequately representing the interests of class members, Oregon PERF will be

3

appointed as lead plaintiff.  Oregon PERF has submitted evidence to support its assertion that it has suffered nearly $5.5 million dollars in losses as a result of defendants' alleged fraud.  It has submitted a chart of trading data that indicates each transaction of Peabody stock that it engaged in, and the net profit or loss from the trade.  (Doc 12 – Ex. A.)  The amount of financial loss "is the most important element" in deciding which proposed plaintiff has the largest financial interest in pursuing a claim on behalf of the class.  Varghese, 589 F. Supp. 2d at 395.  Oregon PERF's losses are nearly double that of Schultze and are millions of dollars more than the losses claimed by SCC or Oklahoma Pension and Retirement System (who did not file a motion but filed the Complaint).

Oregon PERF has also made a provisional showing that it can satisfy the typicality and adequacy requirements of Rule 23.  At this stage, only a preliminary showing of typicality and adequacy is required.  See, e.g., In re LightInTheBox Holding Co., Ltd. Sec. Litig., 2013 WL 6145114, at *4 (S.D.N.Y. Nov. 21, 2013).  Oregon PERF's claims would be typical of the class because they assert violations of section 10(b) and Rule 10b-5, and section 20(a) based on defendants' allegedly false and misleading statements.  Rule 23(a)(3), Fed. R. Civ. P.  It has preliminarily shown that it would fairly and adequately represent the proposed class because it has no known conflict with the class members, has a sufficient interest in the outcome to ensure vigorous advocacy and has selected qualified and experienced counsel.  Rule 23(a)(4), Fed. R. Civ. P.  Oregon PERF's motion for appointment as lead plaintiff is therefore granted.

LABATON SUCHAROW IS APPOINTED LEAD COUNSEL

The Court grants Oregon PERF's application to appoint the law firm of Labaton Sucharow as lead counsel.  Under the PSLRA, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The

Court has discretion to reject the choice of counsel when it is necessary to protect the best interests of the class. Int'l Union of Operating Engineers v. FXCM Inc., No. 15-cv-3599 (KMW), 2015 WL 7018024, at *5 (S.D.N.Y. Nov. 12, 2015). In deciding whether to approve proposed lead counsel, courts look principally to counsel's experience. Id.

Labaton Sucharow has extensive experience in litigating shareholder class actions and has been lead counsel in actions that have settled for hundreds of millions of dollars. It has the necessary experience to act as lead counsel, and its retention on behalf of the class in this action is approved.

CONCLUSION

Oregon PERF's motion for appointment as lead plaintiff is GRANTED, and all other motions for appointment are DENIED. The Clerk is directed to terminate the motions. (Docs 9, 13, 15).

SO ORDERED.

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
January 12, 2021