UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE PEABODY ENERGY CORPORATION
SECURITIES LITIGATION

No. 1:20-cv-8024 (PKC)

## DEFENDANTS' ANSWER TO PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendants Peabody Energy Corporation ("Peabody"), Glenn L. Kellow and Amy B. Schwetz ("Individual Defendants," and together with Peabody, "Defendants") hereby submit their answer and affirmative defenses to the Consolidated Amended Class Action Complaint (ECF No. 38, the "Complaint"). On March 7, 2022, the Court granted Defendants' motion to dismiss with respect to all claims in the Complaint that relate to "statements preceding the September 22, 2018 fire and statements following defendants' September 28, 2018 disclosure concerning the fire and halt in coal production at the NGM." (ECF No. 50, Memorandum Opinion and Order (the "Order") at 2–3.) Those portions of the Complaint are therefore now legally inoperative and no answer is required. For the avoidance of doubt, Defendants deny the allegations of the Complaint except with respect to those specific matters expressly admitted herein. Unless otherwise stated, Defendants use the defined terms and phrases set forth in the Complaint, and Defendants repeat the headings and sub-headings set forth in the Complaint for reference only. In doing so, however, Defendants do not admit that the definitions set forth in the Complaint are proper, and provide headings and sub-headings for ease of reference only and deny any substantive meaning or allegations therein.

### I.  NATURE OF THE ACTION

1.     Defendants deny the allegations in Paragraph 1, except admit that

Plaintiffs purport to assert the claims described in Paragraph 1.

2.      Defendants deny the allegations in Paragraph 2, except admit that, in 2018, Peabody was the largest private-sector coal company in the world by volume; that Peabody owned interests in 23 coal mining operations in the United States and Australia; and that in September 2018, one of Peabody's business segments was the Australian Metallurgical Mining segment.

3.      Defendants deny the allegations in Paragraph 3, except admit that, in September 2018, the North Goonyella mine was within the Australian Metallurgical Mining segment; that the North Goonyella mine was acquired by Peabody in 2004; and that the North Goonyella mine is an underground coal mine located in Queensland, Australia, 160 kilometers west of Mackay, and refer to the document referenced and quoted in Paragraph 3 for a complete and accurate statement of its contents.

4.      Defendants deny the allegations in Paragraph 4, except admit that in excavating coal from the North Goonyella mine, Peabody uses a method called longwall mining, among others.

5.      Defendants deny the allegations in Paragraph 5, except admit that longwall mining requires the longwall to be moved to different sections (or panels) once the available coal has been mined; and that prior to the fire at the North Goonyalla mine Peabody was in the middle of a two-month longwall move from its 9 North (or "9N") panel to its 10 North (or "10N") panel.

6.      Defendants deny the allegations in Paragraph 6, except admit that coal extraction, including by longwall mining, releases gasses trapped within the coal seam,

and that in underground mining operations, ventilation systems, gas monitoring and, as appropriate, sealing measures, are implemented.

7.      No response is required to Paragraph 7 as it concerns statements dismissed by the Order.

8.      No response is required to Paragraph 8 as it concerns statements dismissed by the Order.

9.      To the extent that Paragraph 9 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 9, except admit that Peabody's stock traded publicly in September 2018 and refer to publicly available historical stock prices for the trading price of Peabody common stock on those dates, and refer to the unidentified document or documents referenced and quoted in Paragraph 9 for a complete and accurate statement of their contents.

10.     To the extent that Paragraph 10 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 10, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, as they purport to be the assertions of anonymous "confidential witnesses," who may or may not exist, except refer to the documents referenced and quoted in Paragraph 10 for a complete and accurate statement of their contents, and to the extent the bulleted list in Paragraph 10 seeks to summarize the paragraphs cited therein, refer to Defendants' responses to those paragraphs.

11.     To the extent that Paragraph 11 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 11, except admit that on March 27, 2019, Peabody released its initial findings from its

investigation of the North Goonyella mine fire, and refer to the documents referenced and quoted in Paragraph 11 for a complete and accurate statement of their contents.

12.     No response is required to Paragraph 12 as it concerns statements dismissed by the Order.

13.     No response is required to Paragraph 13 as it concerns statements dismissed by the Order.

14.     No response is required to Paragraph 14 as it concerns statements dismissed by the Order.

15.     No response is required to Paragraph 15 as it concerns statements dismissed by the Order.

16.     No response is required to Paragraph 16 as it concerns statements dismissed by the Order.

17.     No response is required to Paragraph 17 as it concerns statements dismissed by the Order.

18.     Defendants deny the allegations in Paragraph 18, except admit that Peabody's stock traded publicly during the alleged Class Period, and refer to publicly available historical stock prices for the trading price of Peabody common stock on those dates.

19.     Defendants deny the allegations in Paragraph 19.

**II.    JURISDICTION AND VENUE**

20.     Defendants deny the allegations in Paragraph 20, except admit that Plaintiffs purport to assert the claims described in Paragraph 20.

21.     To the extent Paragraph 21 states a legal conclusion, no response is

required.  Defendants further deny the allegations in Paragraph 21, except admit that this Court has subject-matter jurisdiction to hear the claims in this action, but deny that Plaintiffs have valid claims under the Securities Exchange Act of 1934.

22.    To the extent that Paragraph 22 states legal conclusions, no response is required. Defendants further deny the allegations of Paragraph 22, except admit that Peabody common stock trades on the New York Stock Exchange; and that venue is proper in this district.

### III.    PARTIES

23.    Defendants deny the allegations in Paragraph 23, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23; deny that Lead Plaintiff suffered damages as a result of the conduct alleged in the Complaint, and refer to the referenced Certification for a complete and accurate statement of its contents.

24.    Defendants admit the allegations in Paragraph 24.

25.    Defendants deny the allegations in Paragraph 25, except admit that Glenn L. Kellow was the Chief Executive Officer of Peabody until his successor was appointed, effective June 1, 2021, after which he agreed to serve as an advisor to the Company for twelve months; that Mr. Kellow was a member of Peabody's Board of Directors until June 1, 2021; that Mr. Kellow's compensation while serving as CEO was reported in publicly available SEC filings, and refer to those documents for their contents; that pursuant to the Sarbanes-Oxley Act of 2002, during his time as CEO, Mr. Kellow signed and attested to the accuracy of Peabody's SEC filings as required by statute; and that, as CEO, Mr. Kellow participated in Peabody's earnings calls.

26.    Defendants deny the allegations in Paragraph 26, except admit that

Amy B. Schwetz was the Executive Vice President and Chief Financial Officer of Peabody until February 5, 2020, when Ms. Schwetz resigned from Peabody; that Ms. Schwetz's compensation while serving as EVP and CFO was reported in publicly available SEC filings, and refer to those documents for their contents; that pursuant to the Sarbanes-Oxley Act of 2002, during her time as EVP and CFO, Ms. Schwetz signed and attested to the accuracy of Peabody's SEC filings as required by statute; and that, as EVP and CFO, Ms. Schwetz participated in Peabody's earnings calls.

27.     Defendants deny the allegations in Paragraph 27, except state that the Individual Defendants' compensation while employed by Peabody was reported in publicly available SEC filings, and refer to those documents for their contents.

28.     Defendants deny the allegations in Paragraph 28.

**IV.   SUBSTANTIVE ALLEGATIONS**

**A.     Company Background**

29.     Defendants deny the allegations in Paragraph 29, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 that "U.S. thermal coal demand is stabilizing", except admit that Peabody was founded in 1883 and is headquartered in St. Louis, Missouri; that Peabody is a leading coal producer; that in 2018, Peabody was the largest private-sector coal company in the world by volume; and that in 2018 Peabody owned interests in 23 coal mining operations in the United States and Australia.

30.     Defendants deny the allegations in Paragraph 30, except admit that in September 2018, one of Peabody's business segments was the Australian Metallurgical Mining segment.

31.     Defendants deny the allegations in Paragraph 31, except admit that North

Goonyella mine was acquired by Peabody in 2004, and that in September 2018, the North

Goonyella mine was within the Australian Metallurgical Mining Segment.

### 1.    North Goonyella Mine – Peabody's Most Profitable Mine

32.    Defendants admit the allegations in Paragraph 32.

33.    Defendants deny the allegations in Paragraph 33, including because

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 33 that "[t]he North Goonyella coal seam is considered one of

the three (3) premier metallurgical (also referred to as 'met') quality coal mines in the

world".

34.    Defendants deny the allegations in Paragraph 34, including because

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 34, except admit that the North Goonyella mine ships a high-

quality hard coking coal that typically realizes at or near the benchmark for premium or

high-quality hard coking coal.

35.    Defendants deny the allegations in paragraph 35, except refer to the

"media reports" referenced in Paragraph 35 for a complete and accurate statement of

their contents.

36.    To the extent that Paragraph 36 concerns statements dismissed by the

Order, no response is required. Defendants further deny the allegations in Paragraph 36,

except refer to the documents referenced and quoted in Paragraph 36 for a complete and

accurate statement of their contents.

37.    To the extent that Paragraph 37 concerns statements dismissed by the

Order, no response is required. Defendants further deny the allegations in Paragraph 37,

except refer to the document referenced and quoted in Paragraph 37 for a complete and

accurate statement of its contents.

38.     Defendants deny the allegations in Paragraph 38, except admit that in 2016, the North Goonyella mine shipped approximately 1.6 million tons of coal, and in 2017, the North Goonyella mine shipped approximately 2.9 million tons of coal.

39.     Defendants deny the allegations in Paragraph 39, except admit that in July 2018, Peabody announced the North Goonyella South project, which would extend the North Goonyella mine's life at least until 2026, and would secure employment for more than 230 employees.

40.     Defendants deny the allegations in Paragraph 40, except admit that in 2018, coal from the North Goonyella mine was exported to customers in India and China, among other places.

41.     To the extent that Paragraph 41 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 41, except refer to the document referenced and quoted in Paragraph 41 for a complete and accurate statement of its contents.

### 2.     Longwall Coal Mining

42.     Defendants deny the allegations in Paragraph 42, except admit that in excavating coal from the North Goonyella mine, Peabody uses a method called longwall mining, among others.

43.     Defendants deny the allegations in Paragraph 43, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, except admit that Plaintiffs purport to provide a photo of a CAT longwall system, and that longwall mining systems may consist of many components including Roof Supports, an armored face conveyor, a shearer machine, a

stageloader, crusher, mobile belt tailpiece, electrical supply and transformers, among others.

44.     Defendants deny the allegations in Paragraph 44, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44, as they purport to be the assertions of an anonymous longwall mining expert, who may or may not exist.

45.     Defendants deny the allegations in Paragraph 45, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45, except admit that longwall mining requires the longwall to be moved to different sections (or panels) once the available coal has been mined, and that Plaintiffs purport to provide a photo of a single Roof Support for a longwall mining system.

46.     Defendants deny the allegations in Paragraph 46, except admit that in longwall mining, the space from which coal has been removed is either allowed to collapse or is completely or partially filled or stowed with stone and debris.

47.     Defendants admit the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48, except admit that coal extraction, including by longwall mining, releases gasses trapped within the coal seam, and that in underground mining operations, ventilation systems, gas monitoring and, as appropriate, sealing measures, are implemented.

49.     Defendants deny the allegations in Paragraph 49, except admit that prior to the fire at North Goonyalla, Peabody was in the middle of a two-month longwall move from the 9N panel to the 10N panel, and refer to the document referenced and quoted in Paragraph 49 for a complete and accurate statement of its contents.

50.     Defendants deny the allegations in Paragraph 50, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50, as they purport to be the assertions of an anonymous longwall mining expert, who may or may not exist, except admit that Plaintiffs purport to provide a diagram of North Goonyella mine, and refer to the document containing such a diagram for a complete and accurate statement of its contents.

### 3.     Peabody's Health, Safety, Security, and Environmental Committee

51.     Defendants deny the allegations in Paragraph 51, except admit that the Peabody Board of Directors has a Health, Safety, Security, and Environmental Committee that held 8, 9, and 6 meetings in 2017, 2018, and 2019, respectively.

52.     Defendants deny the allegations in Paragraph 52, except refer to the document referenced and quoted in Paragraph 52 for a complete and accurate statement of its contents.

### B.     Background on Mine Safety Regulation by QMI

53.     Defendants deny the allegations in Paragraph 53, except refer to the document referenced and quoted in Paragraph 53 for a complete and accurate statement of its contents.

54.     Defendants deny the allegations in Paragraph 54, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning "[t]he primary goal of the QMI at North Goonyella," and refer to the unidentified document referenced and quoted in Paragraph 54 for a complete and accurate statement of its contents.

**C.     Peabody Emerges From Bankruptcy in April 2017 Still Straddled With Debt, Just Less of It**

55.     Defendants deny the allegations in Paragraph 55, except admit that on April 13, 2016, Peabody filed voluntary petitions for reorganization under Chapter 11 of Title 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Missouri.

56.     Defendants deny the allegations in Paragraph 56, except admit that on April 3, 2017, Peabody announced that it had emerged from Chapter 11 protection and that its stock would begin trading on the New York Stock Exchange, and refer to publicly available historical stock prices for the trading price of Peabody common stock on those dates.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, except refer to the document referenced and quoted in Paragraph 58 for a complete and accurate statement of its contents.

**D.     Confidential Witnesses**

59.     Defendants deny the allegations in Paragraph 59, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

60.     To the extent that Paragraph 60 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, as they

11

purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

61.    No response is required to Paragraph 61 as it concerns statements dismissed by the Order.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

62.    To the extent that Paragraph 62 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

63.    To the extent that Paragraph 63 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

64.    No response is required to Paragraph 64 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

65.    To the extent that Paragraph 65 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, as they purport to be the assertions of an anonymous "confidential witness," who may or may not

exist.

66.     To the extent that Paragraph 66 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

67.     To the extent that Paragraph 67 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

68.     To the extent that Paragraph 68 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### E.     Fire at North Goonyella Mine

#### 1.   Longwall Coal Mining

69.     Defendants deny the allegations in Paragraph 69, except admit that Peabody acquired the North Goonyella mine in April 2004.

70.     Defendants deny the allegations in Paragraph 70, except refer to the document or documents referenced and quoted in Paragraph 70 for a complete and accurate statement of their contents.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72, except admit that in 2014, the 7 North longwall panel at North Goonyella mine was sealed.

73.     Defendants deny the allegations in Paragraph 73, except admit that in 2014, there was an evacuation of the North Goonyella mine and the 7 North longwall panel was sealed, and refer to the unidentified document or documents referenced and quoted in Paragraph 73 for a complete and accurate statement of their contents.

### 2.   The Lack of Adequate Safety Procedures and Other Problems at the North Goonyella Mine Before the September 2018 Fire

74.     To the extent that Paragraph 74 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 74.

75.     To the extent that Paragraph 75 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 75, except admit that in underground mining operations, gas monitoring and ventilation systems are important.

76.     No response is required to Paragraph 76 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

77.     No response is required to Paragraph 77 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

78.     No response is required to Paragraph 78 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 78, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

79.     No response is required to Paragraph 79 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

80.     No response is required to Paragraph 80 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### 3. Peabody Pushed North Goonyella Mine Management to Extract Coal Without Sufficient Attention to Risk Management and Safety

81.     No response is required to Paragraph 81 as it concerns statements dismissed by the Order.  Defendants further deny the allegations in Paragraph 81.

82.     No response is required to Paragraph 82 as it concerns statements dismissed by the Order.  Defendants further deny the allegations in Paragraph 82.

83.     No response is required to Paragraph 83 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

84.     No response is required to Paragraph 84 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

85.     No response is required to Paragraph 85 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

86.     No response is required to Paragraph 86 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### 4.   Peabody Failed to Properly Staff North Goonyella and Properly Train Its Mine Personnel

87.     No response is required to Paragraph 87 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

88.     No response is required to Paragraph 88 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

89.     No response is required to Paragraph 89 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

90.     No response is required to Paragraph 90 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 90, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

91.      No response is required to Paragraph 91 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

92.      No response is required to Paragraph 92 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### 5.   Elevated Levels of Methane Reported at North Goonyella Throughout 2017 and 2018

93.      No response is required to Paragraph 93 as it concerns statements dismissed by the Order.

### 6.   Elevated Methane and Ethylene Levels Detected at North Goonyella in Late August 2018 Leads to Mine Evacuation

94.      No response is required to Paragraph 94 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

95.      No response is required to Paragraph 95 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

96.      No response is required to Paragraph 96 as it concerns statements

dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

97.     No response is required to Paragraph 97 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

98.     No response is required to Paragraph 98 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

99.     No response is required to Paragraph 99 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

100.     No response is required to Paragraph 100 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

101.     No response is required to Paragraph 101 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

102.     No response is required to Paragraph 102 as it concerns statements

dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

103.    No response is required to Paragraph 103 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

104.    No response is required to Paragraph 104 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

105.    No response is required to Paragraph 105 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

106.    No response is required to Paragraph 106 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

107.    No response is required to Paragraph 107 as it concerns statements dismissed by the Order.

### 7.  Containment Efforts at North Goonyella

108.    No response is required to Paragraph 108 as it concerns statements dismissed by the Order.

109.     No response is required to Paragraph 109 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

110.     No response is required to Paragraph 110 as it concerns statements dismissed by the Order.

111.     No response is required to Paragraph 111 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

112.     No response is required to Paragraph 112 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

113.     No response is required to Paragraph 113 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

114.     No response is required to Paragraph 114 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

115.     No response is required to Paragraph 115 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 115, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

116.    No response is required to Paragraph 116 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

117.    No response is required to Paragraph 117 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

118.    No response is required to Paragraph 118 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

119.    No response is required to Paragraph 119 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### 8.  Peabody Mishandles "Heating Event" at North Goonyella Mine Which Threatens the Operation of the Whole Mine

120.    No response is required to Paragraph 120 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

121.     No response is required to Paragraph 121 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

122.     No response is required to Paragraph 122 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

123.     No response is required to Paragraph 123 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

124.     No response is required to Paragraph 124 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

125.     No response is required to Paragraph 125 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

126.     No response is required to Paragraph 126 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

127.    No response is required to Paragraph 127 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

128.    No response is required to Paragraph 128 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

129.    No response is required to Paragraph 129 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

130.    No response is required to Paragraph 130 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

131.    No response is required to Paragraph 131 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

132.    No response is required to Paragraph 132 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

133.    No response is required to Paragraph 133 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

134.    No response is required to Paragraph 134 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

135.    No response is required to Paragraph 135 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

136.    No response is required to Paragraph 136 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

137.    No response is required to Paragraph 137 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

138.    No response is required to Paragraph 138 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

139.     To the extent that Paragraph 139 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

140.     To the extent that Paragraph 140 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

141.     To the extent that Paragraph 141 concerns statements dismissed by the Order, no response is required. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

142.     No response is required to Paragraph 142 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### 9.   MREs Prepared by the QMI Following the North Goonyella Mine Evacuation Corroborate the Accounts of the CWs

143.     To the extent that Paragraph 143 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 143, except refer to the documents referenced and quoted in Paragraph 143 for a complete and

accurate statement of their contents.

144.    No response is required to Paragraph 144 as it concerns statements dismissed by the Order.

145.    No response is required to Paragraph 145 as it concerns statements dismissed by the Order.

146.    No response is required to Paragraph 146 as it concerns statements dismissed by the Order.

147.    No response is required to Paragraph 147 as it concerns statements dismissed by the Order.

148.    No response is required to Paragraph 148 as it concerns statements dismissed by the Order.

149.    No response is required to Paragraph 149 as it concerns statements dismissed by the Order.

150.    To the extent that Paragraph 150 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations of Paragraph 150, except refer to the documents referenced and quoted in Paragraph 150 for a complete and accurate statement of their contents.

### 10. Fire at the Mine is Identified No Later Than September 22, 2018

151.    Defendants deny the allegations in Paragraph 151, except refer to the document referenced in Paragraph 151 for a complete and accurate statement of its contents.

152.    Defendants deny the allegations in Paragraph 152, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, as they purport to be the assertions of an anonymous

"confidential witness," who may or may not exist, except refer to the document referenced in Paragraph 152 for a complete and accurate statement of its contents.

153.     Defendants deny the allegations in Paragraph 153, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 179 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

154.     Defendants deny the allegations in Paragraph 154, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 179 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

155.     Defendants deny the allegations in Paragraph 155, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 179 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

156.     Defendants deny the allegations in Paragraph 156, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 179 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

157.     Defendants deny the allegations in Paragraph 157, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 179 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

158.     Defendants deny the allegations in Paragraph 158, except admit that on September 27, 2018, mine personnel observed smoke coming from the North Goonyella

mine, and refer to the document referenced and quoted in Paragraph 158 for a complete and accurate statement of its contents.

159.    Defendants deny the allegations in Paragraph 159, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

160.    Defendants deny the allegations in Paragraph 160, except refer to the "QMI . . . directive" referenced and quoted in Paragraph 160 for a complete and accurate statement of its contents.

161.    Defendants deny the allegations in Paragraph 161, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

**11. Daily Meetings and Reports About North Goonyella Shared With Peabody Senior Management and North Goonyella Task Force in the U.S.**

162.    Defendants deny the allegations in Paragraph 162, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

163.    Defendants deny the allegations in Paragraph 163, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

164.    Defendants deny the allegations in Paragraph 164, including because

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

166. Defendants deny the allegations in Paragraph 165, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

166. Defendants deny the allegations in Paragraph 166, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

167. Defendants deny the allegations in Paragraph 167, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

168. Defendants deny the allegations in Paragraph 168, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

169. Defendants deny the allegations in Paragraph 169, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

170. Defendants deny the allegations in Paragraph 170, including because

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

171.     Defendants deny the allegations in Paragraph 171, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

172.     Defendants deny the allegations in Paragraph 172, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

173.     Defendants deny the allegations in Paragraph 173, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

174.     Defendants deny the allegations in Paragraph 174, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

175.     Defendants deny the allegations in Paragraph 175, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

**12. Peabody Publicly Addresses Situation at North Goonyella Mine**

176.    No response is required to Paragraph 176 as it concerns statements dismissed by the Order.

177.    Defendants deny the allegations in Paragraph 177, except admit that on September 25, 2018, Peabody filed a Form 8-K, and refer to that document for a complete and accurate statement of its contents.

178.    Defendants deny the allegations in Paragraph 178, except refer to the document referenced and quoted in Paragraph 178 for a complete and accurate statement of its contents.

**F.    Top North Goonyella Union Official Warns Mining Union in September 2018 That Only a "Miraculous Change in Circumstance" Would Prevent Long-Term Interruption to Coal Production at North Goonyella Mine**

179.    Defendants deny the allegations in Paragraph 179, except refer to the document referenced and quoted in Paragraph 179 for a complete and accurate statement of its contents.

180.    Defendants deny the allegations in Paragraph 180, except refer to the document referenced and quoted in Paragraph 180 for a complete and accurate statement of its contents.

**G.    Media Outlets Report on North Goonyella Situation**

181.    Defendants deny the allegations in Paragraph 181, except refer to the document referenced and quoted in Paragraph 181 for a complete and accurate statement of its contents.

182.    Defendants deny the allegations in Paragraph 182, except refer to the document referenced and quoted in Paragraph 182 for a complete and accurate statement of its contents.

**H.     Projections for Resumption of Coal Production at North Goonyella Lack Reasonable Basis Given Rapidly Changing Conditions**

183.     Defendants deny the allegations in Paragraph 183, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

184.     No response is required to Paragraph 184 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

185.     No response is required to Paragraph 185 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

186.     No response is required to Paragraph 186 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

187.     No response is required to Paragraph 187 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

188.     No response is required to Paragraph 188 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 188, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

189.    No response is required to Paragraph 189 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

190.    No response is required to Paragraph 190 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

191.    No response is required to Paragraph 191 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

192.    No response is required to Paragraph 192 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

193.    No response is required to Paragraph 193 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

194.    No response is required to Paragraph 194 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 194, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

195.    No response is required to Paragraph 195 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 195, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

196.    No response is required to Paragraph 196 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

**I.    Defendants Misrepresent Peabody's Ability to Reopen the North Goonyella Mine and Resume Coal Production**

197.    No response is required to Paragraph 197 as it concerns statements dismissed by the Order.

198.    No response is required to Paragraph 198 as it concerns statements dismissed by the Order.

199.    No response is required to Paragraph 199 as it concerns statements dismissed by the Order.

**J.    The Process for Reopening the Mine**

200.    No response is required to Paragraph 200 as it concerns statements dismissed by the Order.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

201.    No response is required to Paragraph 201 as it concerns statements

34

dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

202.    No response is required to Paragraph 202 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 202, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

203.    No response is required to Paragraph 203 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

204.    No response is required to Paragraph 204 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

205.    No response is required to Paragraph 205 as it concerns statements dismissed by the Order. Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

206.    No response is required to Paragraph 206 as it concerns statements dismissed by the Order.

207.    No response is required to Paragraph 207 as it concerns statements dismissed by the Order.

208.    No response is required to Paragraph 208 as it concerns statements

dismissed by the Order.

209.    No response is required to Paragraph 209 as it concerns statements dismissed by the Order.

210.    No response is required to Paragraph 210 as it concerns statements dismissed by the Order.

211.    No response is required to Paragraph 211 as it concerns statements dismissed by the Order.

212.    No response is required to Paragraph 212 as it concerns statements dismissed by the Order.

213.    No response is required to Paragraph 213 as it concerns statements dismissed by the Order.

214.    No response is required to Paragraph 214 as it concerns statements dismissed by the Order.  Defendants further lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

### K.    Peabody Releases the Initial Filings of its Internal Investigation of the North Goonyella Fire

215.    Defendants deny the allegations in Paragraph 215, except admit that on March 27, 2019, Peabody released its initial findings from its investigation of the North Goonyella mine fire, and refer to the document referenced and quoted in Paragraph 215 for a complete and accurate statement of its contents.

216.    Defendants deny the allegations in Paragraph 216, except refer to the document referenced and quoted in Paragraph 216 for a complete and accurate statement of its contents.

217.    Defendants deny the allegations in Paragraph 217, except refer to the document referenced and quoted in Paragraph 217 for a complete and accurate statement of its contents.

**L.    Initial Findings from QMI Investigation**

218.    Defendants deny the allegations in Paragraph 218, except refer to the document referenced and quoted in Paragraph 218 for a complete and accurate statement of its contents.

219.    Defendants deny the allegations in Paragraph 219, except refer to the document referenced and quoted in Paragraph 219 for a complete and accurate statement of its contents.

220.    Defendants deny the allegations in Paragraph 220, except refer to the document referenced and quoted in Paragraph 220 for a complete and accurate statement of its contents.

221.    Defendants deny the allegations in Paragraph 221, except refer to the document referenced and quoted in Paragraph 221 for a complete and accurate statement of its contents.

222.    Defendants deny the allegations in Paragraph 222, except refer to the documents referenced and quoted in Paragraph 221 for a complete and accurate statement of their contents.

223.    Defendants deny the allegations in Paragraph 223, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 223, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist.

224.    Defendants deny the allegations in Paragraph 224, including because

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224.

> **M.    The Truth is Finally Disclosed Concerning the Inability to Open North Goonyella for Coal Production for At Least Three Years**

225.    No response is required to Paragraph 225 as it concerns statements dismissed by the Order.

**V.    DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS DURING THE CLASS PERIOD**

> **A.    Overview of Defendants' Fraudulent Conduct**

226.    Defendants deny the allegations in Paragraph 226.

> **B.    Defendants' Materially False and Misleading Statements and Omissions**

227.    No response is required to Paragraph 227 as it concerns statements dismissed by the Order.

> **1.    April 3, 2017 – Peabody Emerges from Bankruptcy**

228.    No response is required to Paragraph 228 as it concerns statements dismissed by the Order.

229.    No response is required to Paragraph 229 as it concerns statements dismissed by the Order.

230.    No response is required to Paragraph 230 as it concerns statements dismissed by the Order.

> **2.    May 4, 2017 – 1Q17 Financial Results**

231.    No response is required to Paragraph 231 as it concerns statements dismissed by the Order.

232.    No response is required to Paragraph 232 as it concerns statements

dismissed by the Order.

233.    No response is required to Paragraph 233 as it concerns statements dismissed by the Order.

234.    No response is required to Paragraph 234 as it concerns statements dismissed by the Order.

235.    No response is required to Paragraph 235 as it concerns statements dismissed by the Order.

236.    No response is required to Paragraph 236 as it concerns statements dismissed by the Order.

237.    No response is required to Paragraph 237 as it concerns statements dismissed by the Order.

238.    No response is required to Paragraph 238 as it concerns statements dismissed by the Order.

### 3.    August 1, 2017 – 2Q17 Financial Results

239.    No response is required to Paragraph 239 as it concerns statements dismissed by the Order.

240.    No response is required to Paragraph 240 as it concerns statements dismissed by the Order.

241.    No response is required to Paragraph 241 as it concerns statements dismissed by the Order.

242.    No response is required to Paragraph 242 as it concerns statements dismissed by the Order.

### 4.    October 25, 2017 – 3Q17 Financial Results

243.    No response is required to Paragraph 243 as it concerns statements

dismissed by the Order.

244.    No response is required to Paragraph 244 as it concerns statements dismissed by the Order.

245.    No response is required to Paragraph 245 as it concerns statements dismissed by the Order.

246.    No response is required to Paragraph 246 as it concerns statements dismissed by the Order.

247.    No response is required to Paragraph 247 as it concerns statements dismissed by the Order.

### 5.    February 7, 2018 – 4Q17/FY 2017 Financial Results

248.    No response is required to Paragraph 248 as it concerns statements dismissed by the Order.

249.    No response is required to Paragraph 249 as it concerns statements dismissed by the Order.

250.    No response is required to Paragraph 250 as it concerns statements dismissed by the Order.

### 6.    February 22, 2018 – Peabody's Analyst and Investor Day

251.    No response is required to Paragraph 251 as it concerns statements dismissed by the Order.

252.    No response is required to Paragraph 252 as it concerns statements dismissed by the Order.

### 7.    February 26, 2018 – 2017 Financial Results

253.    No response is required to Paragraph 253 as it concerns statements

dismissed by the Order.

254.    No response is required to Paragraph 254 as it concerns statements dismissed by the Order.

### 8.    April 25, 2018 – 1Q18 Financial Results

255.    No response is required to Paragraph 255 as it concerns statements dismissed by the Order.

256.    No response is required to Paragraph 256 as it concerns statements dismissed by the Order.

257.    No response is required to Paragraph 257 as it concerns statements dismissed by the Order.

### 9.    May 2018 – Corporate and Social Responsibility Report

258.    No response is required to Paragraph 258 as it concerns statements dismissed by the Order.

259.    No response is required to Paragraph 259 as it concerns statements dismissed by the Order.

260.    No response is required to Paragraph 260 as it concerns statements dismissed by the Order.

261.    No response is required to Paragraph 261 as it concerns statements dismissed by the Order.

### 10.    July 24, 2018 – 2Q18 Financial Results

262.    No response is required to Paragraph 262 as it concerns statements dismissed by the Order.

263.    No response is required to Paragraph 263 as it concerns statements

dismissed by the Order.

264.    No response is required to Paragraph 264 as it concerns statements

dismissed by the Order.

**11.    August 2018 and September 2018 – Investor Presentation**

265.    No response is required to Paragraph 265 as it concerns statements

dismissed by the Order.

266.    No response is required to Paragraph 266 as it concerns statements

dismissed by the Order.

267.    No response is required to Paragraph 267 as it concerns statements

dismissed by the Order.

**12.    September 2018 – Reports of Fire at North Goonyella Mine Start to Emerge, Yet Defendants Continue to Downplay Risk**

268.    No response is required to Paragraph 268 as it concerns statements

dismissed by the Order.

269.    No response is required to Paragraph 269 as it concerns statements

dismissed by the Order.

270.    No response is required to Paragraph 270 as it concerns statements

dismissed by the Order.

271.    No response is required to Paragraph 271 as it concerns statements

dismissed by the Order.

272.    No response is required to Paragraph 272 as it concerns statements

dismissed by the Order.

273.    No response is required to Paragraph 273 as it concerns statements

dismissed by the Order.

274.     Defendants deny the allegations in Paragraph 274, except admit that on September 25, 2018, Peabody filed a Form 8-K, and refer to that document for a complete and accurate statement of its contents.

275.     Defendants deny the allegations in Paragraph 275, except admit that on September 25, 2018, Peabody issued an "Updated Peabody Statement on North Goonyella," and refer to that document for a complete and accurate statement of its contents.

276.     Defendants deny the allegations in Paragraph 276, except admit that on September 27, 2018, Peabody issued a "Statement Regarding North Goonyella Developments," and refer to that document for a complete and accurate statement of its contents.

277.     To the extent that Paragraph 277 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 277.

278.     Defendants deny the allegations in Paragraph 278, except refer to the document referenced and quoted in Paragraph 278 for a complete and accurate statement of its contents.

### 13.     The Truth Begins to Emerge, But Defendants Continue to Mislead the Market

#### a.     September 28, 2018 – Company Press Release About North Goonyella Fire (*First Partial Revelation of the Truth*)

279.     Defendants deny the allegations in Paragraph 279.

280.     Defendants deny the allegations in Paragraph 280, except admit that on September 28, 2018, Peabody issued a statement titled "Peabody Provides Update on North Goonyella," and refer to that document for a complete and accurate statement of its contents.

281.     Defendants deny the allegations in Paragraph 281, except refer to the document referenced and quoted in Paragraph 281 for a complete and accurate statement of its contents.

282.     Defendants deny the allegations in Paragraph 282, except refer to publicly available historical stock prices for the trading price of Peabody common stock on this date.

283.     Defendants deny the allegations in Paragraph 283, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 283, except refer to the document referenced and quoted in Paragraph 283 for a complete and accurate statement of its contents.

284.     Defendants deny the allegations in Paragraph 284, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 284, except refer to the document referenced and quoted in Paragraph 284 for a complete and accurate statement of its contents.

285.     Defendants deny the allegations in Paragraph 285, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 285, except refer to the document referenced and quoted in Paragraph 285 for a complete and accurate statement of its contents.

286.     To the extent that Paragraph 286 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 286, except refer to the document referenced and quoted in Paragraph 286 for a complete and accurate statement of its contents.

287.     No response is required to Paragraph 287 as it concerns statements dismissed by the Order.

**b. September 30, 2018 – October 11, 2018: Peabody Releases Updates on Goonyella Fire**

288.    No response is required to Paragraph 288 as it concerns statements dismissed by the Order.

289.    No response is required to Paragraph 289 as it concerns statements dismissed by the Order.

290.    No response is required to Paragraph 290 as it concerns statements dismissed by the Order.

291.    No response is required to Paragraph 291 as it concerns statements dismissed by the Order.

292.    No response is required to Paragraph 292 as it concerns statements dismissed by the Order.

293.    No response is required to Paragraph 293 as it concerns statements dismissed by the Order.

**c. October 30, 2018 – 3Q18 Financial Results**

294.    No response is required to Paragraph 294 as it concerns statements dismissed by the Order.

295.    No response is required to Paragraph 295 as it concerns statements dismissed by the Order.

296.    No response is required to Paragraph 296 as it concerns statements dismissed by the Order.

297.    No response is required to Paragraph 297 as it concerns statements dismissed by the Order.

298.    No response is required to Paragraph 298 as it concerns statements

dismissed by the Order.

299.    No response is required to Paragraph 299 as it concerns statements dismissed by the Order.

300.    No response is required to Paragraph 300 as it concerns statements dismissed by the Order.

301.    No response is required to Paragraph 301 as it concerns statements dismissed by the Order.

302.    No response is required to Paragraph 302 as it concerns statements dismissed by the Order.

### d.  February 6, 2019 – 4Q18/ FY 2018 Financial Results (Second Partial Revelation of the Truth)

303.    No response is required to Paragraph 303 as it concerns statements dismissed by the Order.

304.    No response is required to Paragraph 304 as it concerns statements dismissed by the Order.

305.    No response is required to Paragraph 305 as it concerns statements dismissed by the Order.

306.    No response is required to Paragraph 306 as it concerns statements dismissed by the Order.

307.    No response is required to Paragraph 307 as it concerns statements dismissed by the Order.

308.    No response is required to Paragraph 308 as it concerns statements dismissed by the Order.

309.    No response is required to Paragraph 309 as it concerns statements

dismissed by the Order.

310.    No response is required to Paragraph 310 as it concerns statements dismissed by the Order.

311.    No response is required to Paragraph 311 as it concerns statements dismissed by the Order.

312.    No response is required to Paragraph 312 as it concerns statements dismissed by the Order.

313.    No response is required to Paragraph 313 as it concerns statements dismissed by the Order.

314.    No response is required to Paragraph 314 as it concerns statements dismissed by the Order.

### e.   May 1, 2019 – 1Q19 Financial Results (*Third Partial Revelation of the Truth*)

315.    No response is required to Paragraph 315 as it concerns statements dismissed by the Order.

316.    No response is required to Paragraph 316 as it concerns statements dismissed by the Order.

317.    No response is required to Paragraph 317 as it concerns statements dismissed by the Order.

318.    No response is required to Paragraph 318 as it concerns statements dismissed by the Order.

319.    No response is required to Paragraph 319 as it concerns statements dismissed by the Order.

320.    No response is required to Paragraph 320 as it concerns statements

dismissed by the Order.

321.    No response is required to Paragraph 321 as it concerns statements dismissed by the Order.

322.    No response is required to Paragraph 322 as it concerns statements dismissed by the Order.

323.    No response is required to Paragraph 323 as it concerns statements dismissed by the Order.

324.    No response is required to Paragraph 324 as it concerns statements dismissed by the Order.

325.    No response is required to Paragraph 325 as it concerns statements dismissed by the Order.

326.    No response is required to Paragraph 326 as it concerns statements dismissed by the Order.

### f.  May 24, 2019 – Press Release Announcing Company Proceeding With Re-ventilation of First Segment of North Goonyella Mine

327.    No response is required to Paragraph 327 as it concerns statements dismissed by the Order.

328.    No response is required to Paragraph 328 as it concerns statements dismissed by the Order.

### g.  July 3, 2019 – Press Release Announcing Company Proceeding With Re-Entry of Zone One of North Goonyella Mine

329.    No response is required to Paragraph 329 as it concerns statements dismissed by the Order.

330.    No response is required to Paragraph 330 as it concerns statements dismissed by the Order.

### h.   July 31, 2019 – 2Q19 Financial Results

331.    No response is required to Paragraph 331 as it concerns statements dismissed by the Order.

332.    No response is required to Paragraph 332 as it concerns statements dismissed by the Order.

333.    No response is required to Paragraph 333 as it concerns statements dismissed by the Order.

334.    No response is required to Paragraph 334 as it concerns statements dismissed by the Order.

335.    No response is required to Paragraph 335 as it concerns statements dismissed by the Order.

336.    No response is required to Paragraph 336 as it concerns statements dismissed by the Order.

337.    No response is required to Paragraph 337 as it concerns statements dismissed by the Order.

338.    No response is required to Paragraph 338 as it concerns statements dismissed by the Order.

339.    No response is required to Paragraph 339 as it concerns statements dismissed by the Order.

340.    No response is required to Paragraph 340 as it concerns statements dismissed by the Order.

341.    No response is required to Paragraph 341 as it concerns statements dismissed by the Order.

## VI.   THE FULL TRUTH IS REVEALED

342.    No response is required to Paragraph 342 as it concerns statements dismissed by the Order.

343.    No response is required to Paragraph 343 as it concerns statements dismissed by the Order.

344.    No response is required to Paragraph 344 as it concerns statements dismissed by the Order.

345.    No response is required to Paragraph 345 as it concerns statements dismissed by the Order.

346.    No response is required to Paragraph 346 as it concerns statements dismissed by the Order.

347.    No response is required to Paragraph 347 as it concerns statements dismissed by the Order.

348.    No response is required to Paragraph 348 as it concerns statements dismissed by the Order.

349.    No response is required to Paragraph 349 as it concerns statements dismissed by the Order.

350.    No response is required to Paragraph 350 as it concerns statements dismissed by the Order.

## VII.   POST-CLASS PERIOD EVENTS

351.    No response is required to Paragraph 351 as it concerns statements dismissed by the Order.

352.    No response is required to Paragraph 352 as it concerns statements dismissed by the Order.

## VIII.   ADDITIONAL EVIDENCE OF SCIENTER

353.   To the extent that Paragraph 353 states legal conclusions, no response is required.  Defendants further deny the allegations in Paragraph 353.

354.   To the extent that Paragraph 354 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 354.

355.   To the extent that Paragraph 355 states legal conclusions, no response is required.  Defendants further deny the allegations in Paragraph 355.

356.   To the extent that Paragraph 356 states legal conclusions, no response is required.  Defendants further deny the allegations in Paragraph 356.

357.   To the extent that Paragraph 357 states legal conclusions, no response is required.  Defendants further deny the allegations in Paragraph 357.

358.   Defendants deny the allegations in Paragraph 358, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations "by former Peabody employees" in Paragraph 358, as they purport to be the assertions of anonymous "confidential witnesses", who may or may not exist, except refer to the documents referenced in Paragraph 358 for a complete and accurate statement of their contents.

### A.   Defendants Were on Heightened Awareness As To The Safety Risks Posed by the North Goonyella Mine

359.   Defendants deny the allegations in Paragraph 359, except admit that Peabody acquired the North Goonyella mine in April 2004.

360.   Defendants deny the allegations in Paragraph 360.

361.   Defendants deny the allegations in Paragraph 361, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the

51

allegations "by former Peabody employees" in Paragraph 361, as they purport to be the assertions of anonymous "confidential witnesses", who may or may not exist.

362.    Defendants deny the allegations in Paragraph 362.

**B.    The North Goonyella Mine Was Peabody's Most Profitable Operation Generating Approximately 20% of the Company's Operating Profit**

363.    Defendants deny the allegations in Paragraph 363, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "[t]he North Goonyella coal seam is considered one of the three (3) premier met quality coal mines in the world", except admit that North Goonyella shipped a high-quality hard coking coal that typically realized at or near the benchmark for premium or high-quality hard coking coal.

364.    Defendants deny the allegations in paragraph 364, except refer to the "media reports" referenced in Paragraph 364 for a complete and accurate statement of their contents.

365.    To the extent that Paragraph 365 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 365, except to the extent Plaintiffs purport to allege that the document cited in Paragraph 36 contains the basis for this allegation, refer to the document referenced and quoted in Paragraph 36 for a complete and accurate statement of its contents.

366.    To the extent that Paragraph 366 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 366, except refer to the documents referenced and quoted in Paragraph 366 for a complete and accurate statement of their contents.

367.    Defendants deny the allegations in Paragraph 367.

368.     Defendants deny the allegations in Paragraph 368.

369.     Defendants deny the allegations in Paragraph 369.

**C.     Statements By Former Employees, Contractors, and Inspectors Provide Factual Support For a Strong Inference of Scienter Throughout the Class Period**

370.     Defendants deny the allegations in Paragraph 370, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except refer to the documents referenced and quoted in Paragraph 370 for a complete and accurate statement of their contents.

371.     Defendants deny the allegations in Paragraph 371, including because Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370, as they purport to be the assertions of an anonymous "confidential witness," who may or may not exist, except refer to the documents referenced and quoted in Paragraph 371 for a complete and accurate statement of their contents, and to the extent the bulleted list in Paragraph 371 seeks to summarize the paragraphs cited therein, refer to Defendants' responses to those paragraphs.

**IX.     CONTROL PERSON ALLEGATIONS**

372.     To the extent that Paragraph 372 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 372, except admit that, pursuant to the Sarbanes-Oxley Act of 2002, the Individual Defendants signed and attested to the accuracy of Peabody's SEC filings as required by statute.

373.     Defendants admit the allegations in Paragraph 373, and further state that Mr. Kellow was the CEO of Peabody until his successor was appointed, effective June 1,

2021, after which he agreed to serve as an advisor to the Company for twelve months, and that Mr. Kellow was a member of Peabody's Board of Directors until June 1, 2021.

374.   Defendants admit the allegations in Paragraph 374.

375.   Defendants deny the allegations in Paragraph 375.

376.   No response is required to Paragraph 376 as it concerns statements dismissed by the Order.

377.   To the extent that Paragraph 377 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 377, except admit that, pursuant to the Sarbanes-Oxley Act of 2002, the Individual Defendants signed and attested to the accuracy of Peabody's SEC filings as required by statute.

378.   To the extent that Paragraph 378 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 378.

379.   To the extent that Paragraph 379 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 379, except admit that Peabody common stock traded on the New York Stock Exchange, and that pursuant to the Sarbanes-Oxley Act of 2002, the Individual Defendants signed and attested to the accuracy of Peabody's SEC filings as required by statute.

380.   To the extent that Paragraph 380 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 380.

381.   To the extent that Paragraph 381 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 381.

382.   To the extent that Paragraph 382 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 382.

## X.     LOSS CAUSATION/ECONOMIC LOSS

383.    Defendants deny the allegations in Paragraph 383.

384.    Defendants deny the allegations in Paragraph 384.

385.    Defendants deny the allegations in Paragraph 385.

### A.        September 2018 – First Partial Revelation of the Truth

386.    Defendants deny the allegations in Paragraph 386, except refer to publicly available historical stock prices for the trading price of Peabody common stock on this date, and to the document referenced and quoted in Paragraph 386 for a complete and accurate statement of its contents.

### B.        February 6, 2019 – Second Partial Revelation of the Truth

387.    No response is required to Paragraph 387 as it concerns statements dismissed by the Order.

### C.        May 1, 2019 – Third Partial Revelation of the Truth

388.    No response is required to Paragraph 388 as it concerns statements dismissed by the Order.

### D.        October 29, 2019 – Final Revelation of the Truth

389.    No response is required to Paragraph 389 as it concerns statements dismissed by the Order.

390.    Defendants deny the allegations in Paragraph 390.

## XI.    APPLICABILITY OF PRESUMPTION OF RELIANCE:  *AFFILIATED UTE* AND FRAUD-ON-THE-MARKET PRESUMPTIONS

391.    To the extent that Paragraph 391 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 391.

392.    To the extent that Paragraph 392 states legal conclusions, no response is

required. Defendants further deny the allegations in Paragraph 392.

393.    To the extent that Paragraph 393 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 393, except admit that Peabody common stock traded on the New York Stock Exchange; that Peabody filed periodic reports with the SEC; that Peabody periodically communicated with investors through various means, and refer to the document referenced and quoted in Paragraph 393 for a complete and accurate statement of its contents.

394.    To the extent that Paragraph 394 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 394.

## XII.    NO SAFE HARBOR

395.    To the extent that Paragraph 395 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 395.

396.    To the extent that Paragraph 396 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 396.

397.    To the extent that Paragraph 397 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 397.

398.    To the extent that Paragraph 398 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 398.

## XIII.    CLASS ACTION ALLEGATIONS

399.    To the extent that Paragraph 399 states legal conclusions, and to the extent that Paragraph 399 concerns statements dismissed by the Order, no response is required. Defendants further deny the allegations in Paragraph 399, except admit that this action purports to be a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of persons and entities who or which purchased or otherwise acquired the

publicly traded common stock of Peabody during the period from April 3, 2017 through October 28, 2019, and that Plaintiffs purport to exclude from the alleged class the persons described in Paragraph 399.

400.     To the extent that Paragraph 400 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 400, except admit that between April 3, 2017 through October 28, 2019 Peabody's common stock was listed on the New York Stock Exchange.

401.     To the extent that Paragraph 401 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 401.

402.     To the extent that Paragraph 402 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 402.

403.     To the extent that Paragraph 403 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 403.

404.     To the extent that Paragraph 404 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 404.

## XIV.    COUNTS

### COUNT I

**Violation § 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants**

405.     Defendants incorporate by reference herein their responses set forth above to Paragraphs 1-404 of the Complaint.

406.     To the extent that Paragraph 406 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 406.

407.     To the extent that Paragraph 407 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 407.

408.    To the extent that Paragraph 408 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 408.

409.    To the extent that Paragraph 409 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 409.

410.    To the extent that Paragraph 410 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 410.

411.    To the extent that Paragraph 411 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 411.

412.    To the extent that Paragraph 412 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 412.

413.    To the extent that Paragraph 413 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 413.

## COUNT II

### Violation of Section 20(a) of the Exchange Act Against the Individual Defendants

414.    Defendants incorporate by reference herein their responses set forth above to Paragraphs 1-413 of the Complaint.

415.    To the extent that Paragraph 415 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 415.

416.    To the extent that Paragraph 416 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 416.

417.    To the extent that Paragraph 417 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 417.

418.    To the extent that Paragraph 418 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 418.

419.    To the extent that Paragraph 419 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 419.

420.    To the extent that Paragraph 420 states legal conclusions, no response is required. Defendants further deny the allegations in Paragraph 420.

## XV.    PRAYER FOR RELIEF

421.    Paragraph 421 is a prayer for relief to which no response is required. Defendants further deny that Plaintiffs are entitled to any relief in this action.

## XVI.    JURY TRIAL DEMANDED

422.    The Complaint contains an unnumbered paragraph containing Lead Plaintiffs' jury demand, to which no response is required.

## GENERAL DENIALS

Except as otherwise expressly admitted in paragraphs 1-421, above, Defendants deny each and every allegation contained in paragraphs 1-421 of the Complaint, including, without limitations, the introductory matter preceding paragraph 1 of the Complaint, and the footnotes, headings and subheadings, tables and figures contained in the Complaint, and deny liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which Defendants are responsible. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their answer.

## AFFIRMATIVE DEFENSES

As separate defenses to the Complaint and the causes of actions asserted against Defendants therein, and without assuming the burden of proof on matters as to which they have no such burden, Defendants state as follows:

## FIRST DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendants are not liable because they did not make any untrue statement of material fact, and did not omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## THIRD DEFENSE

Defendants are not liable because any alleged misstatements by the Defendants are non-actionable statements that contain expressions of opinion that were truly held at the time they were made.

## FOURTH DEFENSE

Defendants are not liable because any alleged misstatements by the Defendants were forward-looking and contained sufficient cautionary language and risk disclosure.

## FIFTH DEFENSE

Defendants are not liable because they lacked the requisite scienter, including specific intent to deceive, and/or willfulness, necessary to establish violations of the securities laws.

## SIXTH DEFENSE

Defendants are not liable because the alleged misrepresentations or omissions were made in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom Defendants were entitled to rely.

## SEVENTH DEFENSE

Defendants did not know, and in the exercise of reasonable care could not have known, that any statement made by Defendants contained an untrue statement of material fact or

an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## EIGHTH DEFENSE

Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable to Plaintiffs and the putative class members, and Plaintiffs and the putative class members cannot otherwise establish that they reasonably and/or justifiably relied on the alleged misstatements or omissions alleged in the Complaint.

## NINTH DEFENSE

Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were disclosed to the public and known to the market.

## TENTH DEFENSE

Defendants are not liable because any allegedly false or misleading statement was not material to the investment decisions of a reasonable investor.

## ELEVENTH DEFENSE

Defendants are not liable because Defendants neither owed nor breached any duty to disclose information allegedly omitted from any statement alleged in the Complaint, and had no duty to verify, opine upon, audit, review, or correct such information.

## TWELFTH DEFENSE

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew or should have known of the risks of investing in Peabody stock and were informed of such risks by Defendants.

**THIRTEENTH DEFENSE**

Defendants are not liable because Plaintiffs suffered no damages as a result of any matters referred to in the Complaint and to the extent that their damages, if any, are speculative, and/or to the extent that it is impossible to ascertain their alleged damages.

**FOURTEENTH DEFENSE**

Defendants are not liable because Plaintiffs did not suffer damages, or if they did, failed to mitigate their damages. To the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

**FIFTEENTH DEFENSE**

Plaintiffs and putative class members are not entitled to any recovery because no act or omission attributed to Defendants in the Complaint was the actual or proximate cause of any injury suffered by Plaintiffs or putative class members.

**SIXTEENTH DEFENSE**

Plaintiffs' and putative class members' claims are barred in whole or part because of the lack of loss causation. Any damages or injuries allegedly suffered by Plaintiffs or putative class members were not legally caused by any act or omission by Defendants.

**SEVENTEENTH DEFENSE**

Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for Plaintiffs' gains, and any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

**EIGHTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue their claims against Defendants.

### NINETEENTH DEFENSE

This action cannot be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTIETH DEFENSE

The putative class period is overly broad and, therefore, many, if not all, of the putative class members are not entitled to any recovery.

### TWENTY-FIRST DEFENSE

Each Individual Defendant alleged to be a control person under Section 20(a) of the Securities and Exchange Act of 1934 is not liable because they acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and causes of action.

### TWENTY-SECOND DEFENSE

Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose, and/or the doctrines of estoppel, laches and waiver.

### PRAYER FOR RELIEF

Based upon the foregoing, Defendants pray that this Court deny any relief or request for judgment on behalf of Plaintiffs or putative class members, and dismiss this Action against Defendants in its entirety, with prejudice and without further leave to amend. Defendants also pray for such other and further relief as may be appropriate or that the Court deems just and proper.

April 6, 2022

CRAVATH, SWAINE & MOORE LLP,


_/s/ Karin A. DeMasi_
Karin A. DeMasi



Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

_Attorney for Defendants Peabody Energy_
_Corporation, Glenn L. Kellow and Amy_
_B. Schwetz_