UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE PEABODY ENERGY COPR. SECURITIES LITIGATION | No. 1:20-cv-08024-PKC |
|---|---|

**STIPULATION AND [PROPOSED] CONFIDENTIALITY ORDER**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the Parties hereto (defined below), through their undersigned counsel, that the following provisions of this Stipulation and Protective Order (the "Order") govern disclosure and use by the Parties of all Documents (defined below), including but not limited to electronically stored information ("ESI") which shall also be subject to a separate agreement for method of production, testimony, exhibits, interrogatory answers, responses to requests to admit, and any other materials and information produced or provided by or on behalf of a Party or non-party pursuant to any formal or informal request in the course of discovery in the above-captioned Action ("Discovery Material").

1. **General Definitions.** For purposes of this Order, the following terms are defined as follows:

(a) "Confidential Discovery Material" shall mean Discovery Material that contains non-public information, regardless of the medium or manner in which it is generated, stored, or maintained, that (a) has been designated by a Party or non-party as "Confidential" in accordance with this Order; and (b) is maintained as confidential in the ordinary course of business, and the Designating Party believes in good faith that such Discovery Material contains or reflects nonpublic personal, financial, proprietary, customer, or client information, commercially sensitive information, trade secrets, product research or development, or

information, the disclosure of which could reasonably cause harm to the Designating Party if disclosed to its competitors. Confidential Discovery Material shall not include: (i) final versions of advertising materials; (ii) materials that on their face show that they have been published to the general public; or (iii) information that, after production, becomes public other than by an act or omission by a Receiving Party (defined below).

(b) "Confidential Information" shall mean Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information.

(c) "Defendants" shall refer to Peabody Energy Corporation ("Peabody"), Glenn L. Kellow, and Amy B. Schwetz.

(d) "Designating Party" shall mean the Party or non-party designating Discovery Material as "Confidential."

(e) "Disputing Party" shall mean the Party disputing the "Confidential" designation of Discovery Material.

(f) "Document" shall mean and include, without limitation, all written material, ESI, and other tangible items produced in any format (*e.g.*, hard-copy, electronic, digital, etc.) in any medium (*e.g.*, hardcopy, videotape, CD, DVD, flash drive, hard drive, etc.) defined as broadly as permitted under FED. R. CIV.P. 34.

(g) "Party" or "Parties" shall refer to the Plaintiffs and the Defendants.

(h) "Plaintiff" shall refer to Lead Plaintiff Oregon Public Employees Retirement Fund.

(i) "Producing Party" shall mean the Party or non-party producing Discovery Material.

(j) "Receiving Party" shall mean the Party receiving Discovery Material produced by the Producing Party.

2. **Use of Discovery Material.**

(a) All Discovery Material, or information derived therefrom, or any papers containing or revealing such information, shall be used by a non-Producing Party, or by a person or entity employed or retained by a non-Producing Party, or by anyone else granted access under this Stipulation and Order, solely for purposes of this Action and for no other purpose.

(b) Nothing in this Stipulation and Order shall prevent any Producing Party from using its own Discovery Material, including Confidential Discovery Material, for any purpose.

3. **Designating Confidential Discovery Material.**

(a) All designations of Confidential Discovery Material shall be made in good faith by the Designating Party at the time of disclosure, production, or tender.

(b) Prior to designating Discovery Material as Confidential Discovery Material, the Designating Party must make a bona fide determination that the Discovery Material qualifies for confidentiality protection pursuant to the standards laid out in this Order. A Party may subsequently move for a court order to obtain a more stringent confidentiality designation for any Discovery Material.

(c) The designation of Confidential Discovery Material may be made by marking or placing the legend "CONFIDENTIAL" on each page containing any Confidential Discovery Material, or, in the case of a Document that is produced in native form or is impractical to produce in TIFF format, by placing the above-described legend on a TIFF-placeholder image bearing the production number of the Document. Any visual or other non-

paper or non-electronic Confidential Discovery Material shall be designated as "CONFIDENTIAL" on the exterior surface of the container or folder that contains it. Confidential Discovery Material contained in the answer or response to an interrogatory or response to a request for admission shall be designated by including the word "CONFIDENTIAL" in the answer or response containing such information.

(d) If a Disputing Party disputes the "Confidential" designation of Confidential Discovery Material, the Disputing Party must notify the Designating Party of its position in writing. Counsel shall confer in good faith to resolve any dispute concerning such designation. If the Parties cannot resolve the dispute within fourteen (14) calendar days of the service date of the written dispute notification, the Disputing Party may file a motion with the Court and file under seal any Discovery Material relevant to the discovery dispute. The Designating Party bears the burden of proving that Discovery Material contains Confidential Discovery Material. The Discovery Material at issue shall be treated as Confidential Discovery Material until the Court issues a decision. If the Court resolves the discovery dispute in the Disputing Party's favor, the Designating Party shall remove the "Confidential" designation from such Discovery Material, and, within ten business days of the Court's Order, provide a replacement copy of such Discovery Material to the Disputing Party.

(e) The designation of any Discovery Material as confidential (or lack of such designation) shall not be construed as an admission of any kind, including, but not limited to, any admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

(f) Indiscriminate designations are prohibited and designations shall not be made for an improper purpose (*e.g.*, to unnecessarily encumber or slow the case development process or impose unnecessary expenses and burdens on the Parties).

4. **Use and Disclosure of Confidential Discovery Material.**

(a) Any Document or information designated as Confidential Discovery Material in accordance with this Order shall only be used, shown, or disclosed as provided in this Order. A Receiving Party shall maintain Confidential Discovery Material in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such material as is exercised by the Receiving Party with respect to its own confidential material. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of the Action. All such copies, reproduction, summaries, extractions, and abstractions shall be subject to the same terms of this Order and labeled in the same manner as the Confidential Discovery Material on which they are based.

(b) Confidential Discovery Material received pursuant to this Order shall be maintained as confidential by the Receiving Party or Qualified Persons (as that term is defined in ¶4(d) below) and shall be used only for purposes of this Action. Any person(s) or entity(s) identified in ¶4(d) below to whom Confidential Discovery Material is disclosed shall keep all Confidential Discovery Material, and any copies, notes, extracts, summaries, or descriptions of the same, within the exclusive possession and control of such person(s) or entity(s); shall treat all such copies, notes, extracts, summaries, or descriptions of Confidential Discovery Material as confidential; shall take all necessary and prudent measures to maintain the confidentiality of all

such Confidential Discovery Material; and shall not disseminate such Confidential Discovery Material other than in accordance with this Order.

(c) If a Producing Party receives or has received documents or information from a third party pursuant to subpoena, the documents or information will be provided to the Receiving Party in accordance with the Federal Rules of Civil Procedure subject to all the procedures and protections of this Order.

(d) Confidential Discovery Material shall be disclosed only to "Qualified Persons," defined as:

(i) The Court and its personnel, any appellate court in the Action, and jurors;

(ii) The Parties to this Action and representatives, employees, officers, and directors of the Parties to the extent such persons are assisting in the prosecution or defense of this Action;

(iii) Peabody's in-house counsel and the Parties' outside counsel, including but not limited to their regular and temporary paralegals, document review attorneys, technical, administrative, and clerical employees;

(iv) Experts or consultants (and their staff) who are employed or retained by a Party in connection with the prosecution or defense of the Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "Confidential" by the Party responsible for its creation;

(v) Deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in the Action or the preparation thereof;

(vi) Any person who is identified as the author or recipient of such Confidential Discovery Material (whether by the Confidential Discovery Material itself or any other Discovery Material, including testimony), or who had access to such Confidential Discovery Material in the normal course of business;

(vii) Special masters and/or mediators appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery disputes;

(viii) Litigation support consultants and vendors who provide litigation support services (*e.g.*, photocopying, electronic discovery, videotaping, translating, preparing exhibits or demonstrations, etc.);

(ix) Court reporters, stenographers, or video operators who record and/or transcribe depositions or testimony in this Action;

(x) Any insurer and such insurer's outside counsel participating in matters related to this Action and their legal, clerical, or support staff, including temporary or contract staff; and

(xi) Any person expressly named and agreed to in writing by the Producing Party or by order of the Court.

(e) All persons to whom Confidential Discovery Material is disclosed solely pursuant to subparagraphs ¶¶4(d)(iv), (vii), (viii) or (xi) shall be required to execute the Agreement to be Bound attached as Exhibit A ("Agreement to be Bound") before being provided access to Confidential Discovery Material. Each Party's counsel shall retain each such executed Agreement

to be Bound. Executed Agreements to be Bound shall not be made available to the Designating Party during the pendency of the Action but shall be available for *in camera* inspection by the Court if good cause for review is demonstrated by the Designating Party.

(f) In the event that additional persons become parties to the Action, such parties shall not have access to Confidential Discovery Material produced by or obtained from any Producing Party until the newly joined parties or their counsel executes an Agreement to be Bound and delivers copies to all Parties.

(g) To the extent Confidential Discovery Material is used in a deposition, hearing, or pre-trial proceeding, such Confidential Discovery Material shall remain subject to this Order, along with the transcript pages of the deposition testimony and/or hearing, or pre-trial proceeding referencing the Confidential Discovery Material.

(h) Nothing in this Order shall bar or otherwise restrict counsel for any Party from rendering advice to their client with respect to the Action, and in the course thereof, from relying upon the examination of Confidential Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their client, counsel shall not disclose the contents of Confidential Discovery Material except in accordance with the terms of this Order.

5. **Designation of Deposition Testimony.**

(a) In the event that a Party or non-party witness, or counsel for a Party or non-party witness, believes, in good faith, that deposition testimony refers to or discloses Confidential Discovery Material, such testimony may be designated "Confidential" by: (i) a statement on the record, by counsel, at the time of such disclosure; or (ii) written notice to all Parties within thirty calendar days after receiving a copy of the final deposition transcript. In each of the foregoing instances, the Party requesting that the testimony be designated as

Confidential shall direct the court reporter to affix the legend "CONFIDENTIAL" to the first page and all portions of the original and all copies of the transcript containing any Confidential Discovery Material. The entirety of each deposition transcript shall then be treated as Confidential Discovery Material until the expiration of the thirtieth calendar day after receipt by counsel of a copy of the final transcript. Thereafter, only those portions of the transcripts designated as "CONFIDENTIAL" shall be deemed Confidential Discovery Material.

(b) Any court reporter or transcriber who reports or transcribes testimony shall agree that anything designated as Confidential Discovery Material pursuant to this Order will remain Confidential and be disclosed only in accordance with this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

6. **Filing Under Seal.** Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a Party seeking to file an opposing Party's Confidential Discovery Material shall so advise the opposing party fourteen (14) calendar days in advance specifying the precise portion of the information the Party seeks to use, the general purpose thereof and any redactions to which the Party does not object. Within seven (7) calendar days thereafter, the Party whose Confidential Discovery Material is sought to be used may make an application to seal indicating the portion or portions of the information it seeks to have sealed. If

a Party's deadline or need to file a pleading that contains Confidential Discovery Material is short such that complying with this paragraph's requirements would be unduly burdensome, the Parties agree to discuss in good faith a reasonable extension of these deadlines subject to the Court's approval. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

7. **Inadvertent Production/Waiver.**

(a) Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of any Discovery Material in this Action shall not operate as a waiver of any claim that such material is privileged or protected from disclosure under the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection ("Privileged Material").

(b) If a Producing Party believes that Privileged Material was inadvertently produced, the Producing Party may notify in writing any Receiving Party of the claim of privilege and the basis for such claim to the extent required by FED. R. CIV. P. 26 (the "Privileged Material Notice"). After receipt of the Privileged Material Notice, the Receiving Party shall use commercially reasonable efforts to promptly return, sequester, or destroy the Privileged Material, any and all copies it has, and any work product reflecting the contents of the Privileged Material; must not use or disclose the information until the claim is resolved; must take all commercially reasonable steps to retrieve the information if the Receiving Party disclosed it to anyone else before being notified; and may notify the Producing Party in writing whether it objects to the designation of such material as privileged or protected. Following the receipt of any objection, the objecting Receiving Party and the Producing Party shall meet and confer in an

effort to resolve any disagreement regarding the Producing Party's designation of the material as privileged or protected. If the disagreement cannot be resolved, the Receiving Party may promptly present the issue to the Court for a determination of the Producing Party's claim of privilege or production, and may request that the Producing Party deliver to the Court a copy of any challenged Privileged Material for *in camera* review in compliance with FED. R. CIV. P. 26(b)(5)(B) and any procedures set out by Court order. While any such motion is pending, the Privileged Material subject to that motion will be treated as privileged until the Court rules.

(c) If a Receiving Party discovers information that it reasonably believes to be Privileged Material, the Receiving Party will treat the information in compliance with FED. R. CIV. P. 26(b)(5)(B) and notify the Producing Party of the disclosure and identify the information. The Producing Party then has five (5) business days to (i) confirm whether it intends to assert that the information is Privileged Material and (ii) provide the basis for the claim of privilege or protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in FED. R. CIV. P. 26(b)(5)(B).

(d) If a Producing Party inadvertently discloses Confidential Discovery Material without designating it as such, the Producing Party shall inform the Receiving Party of such inadvertent disclosure. The Receiving Party shall thereafter treat the information as Confidential Discovery Material and may request a copy with an appropriate CONFIDENTIAL stamp. To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material under the terms of this Order, the Receiving Party shall make all reasonable efforts to retrieve the information promptly and to avoid any further disclosure. The failure to advise the Receiving Party of such inadvertent disclosure shall not constitute a waiver or admission by the Producing Party that such information does not qualify

for protection as Confidential Discovery Material. If the Receiving Party determines that it seeks to challenge the request for designation and treatment of the Discovery Material as Confidential, the Receiving Party shall make such challenge in accordance with ¶3(d).

(e) If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the "Agreement To Be Bound" that is attached hereto as Exhibit A.

8. **No Application to Public or Otherwise Available Information.** This Order shall not limit or restrict a Receiving Party's use of otherwise Confidential Discovery Material if the Receiving Party can demonstrate that such Discovery Material: (i) was independently developed by the Receiving Party after the time of disclosure by personnel without access to the Producing Party's Confidential Discovery Material; or (ii) has been published to the general public. Any documents received from any third party that contain Confidential Information of a Party shall not be disclosed until such Party has had an opportunity to designate such documents Confidential under this Order. If the Receiving Party believes that the Designating Party has designated Discovery Material that is covered by any of the preceding categories as Confidential Discovery Material, the Receiving Party shall challenge the propriety of such designation, if it so chooses, using the procedure outlined in ¶3(d). The Receiving Party shall maintain the confidentiality of such Discovery Material until the propriety of the challenged confidentiality designation has been decided, as outlined above in ¶3(d).

9. **Protected Material Subpoenaed or Ordered Produced in Other Actions.** If, at any time, any Confidential Discovery Material governed by this Order is subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the Receiving Party to whom the subpoena is directed shall, to the extent permitted by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and within five (5) business days, give written notice to the Producing Party and include with such notice a copy of the subpoena or request. The Receiving Party to whom the subpoena is directed also must immediately inform in writing the person or entity that caused the subpoena to issue that some or all of the material covered by the subpoena is the subject of this Order and deliver a copy of this Order promptly to that person or entity. The Producing Party shall bear all responsibility for any objection to the production of such Confidential Discovery Material, except that the Receiving Party receiving any subpoena shall not voluntarily make any production of another's Confidential Discovery Material until resolution of any objections interposed by the Producing Party, unless compelled or otherwise required by law. Nothing in this Order shall be construed as authorizing a Party to disobey any law or court order requiring the production of Confidential Discovery Material.

10. **Modification.** This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by all Parties, or by further Court order. If the Court finds any provision of this Order invalid for any reason, the remaining provisions shall remain in effect.

11. **Conclusion of Litigation.** Within sixty (60) calendar days after the final disposition of this Action, the Receiving Party who has received Discovery Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or

destroy such materials and certify that fact to the Producing Party. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Discovery Material that is subject to legal hold obligations. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. However, nothing in this Order shall preclude outside counsel from retaining work product that contains, references, or constitutes Discovery Material, provided that such outside counsel shall maintain the confidentiality thereof pursuant to the terms of this Order. Notwithstanding the foregoing, the Parties confirm that no Discovery Material obtained in this matter will be used for any other action or proceeding.

12. **Duration.**

(a) The Parties agree to be bound by the terms of this Order pending its entry by the Court. At the close of this Action, this Order shall remain in effect. This Court retains and shall have jurisdiction over the Parties and all recipients of Confidential Discovery Material, for purposes of enforcing this Order after termination of this Action.

(b) This Order is binding upon the Parties hereto, their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

13. **Counterparts.** This Order may be executed in counterparts. This Order shall become effective as a stipulation among the Parties immediately upon its execution.

IT IS SO STIPULATED, through Counsel of Record.

Respectfully submitted this 15th day of June, 2022.

LABATON SUCHAROW LLP

/s/ *Christine M. Fox*
Carol C. Villegas
Christine M. Fox
James M. Fee
140 Broadway
New York, NY 10005
(212) 907-0700
cvillegas@labaton.com
cfox@labaton.com
jfee@labaton.com

*Counsel for Lead Plaintiff and the Proposed Class*

CRAVATH SWAINE & MOORE LLP

/s/ *Karin A. DeMasi*
Karin A. DeMasi
Carolyn Young
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
kdemasi@cravath.com
cyoung@cravath.com

*Attorneys for Defendants Peabody Energy Corporation, Glenn L. Kellow, and Amy B. Schwetz*

**SO ORDERED.**

Dated: June 15, 2022
New York, New York

The Honorable P. Kevin Castel
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE PEABODY ENERGY CORP. SECURITIES LITIGATION | No. 1:20-cv-08024-PKC |
|---|---|

**STIPULATION AND CONFIDENTIALITY ORDER**
**EXHIBIT A – AGREEMENT TO BE BOUND**

I,________________________, declare as follows pursuant to 28 U.S.C. § 1746:

1. Information, including documents and things, designated as "Confidential" as defined in the Stipulation and Protective Order entered in the above-captioned Action (the "Order"), is being provided to me pursuant to the terms and restrictions of the Order.

2. I have been given a copy of and have read the Order.

3. I am familiar with the terms of the Order and I agree to comply with and be bound by its terms.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York for enforcement of the Order.

5. I acknowledge that violation of the Order may result in penalties for contempt of court.

6. I agree to not use any Confidential Discovery Materials disclosed to me pursuant to the Order except for purposes of the above-captioned Action and not to disclose any of this information to any person other than those specifically authorized by the Order, without express written consent of the Party who designated the information as confidential or by order of the presiding judge.

7. I agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Order and of its binding effect on them and me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this__________, day of___________202__at_____,_____/

Name: ________________________________

Job Title: ______________________________

Employer: ______________________________

______________________________
Signature