# Exhibit 1

EXECUTION VERSION

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————— x
: Case No. 1:20-cv-08024-PKC
IN RE PEABODY ENERGY CORP.         :
SECURITIES LITIGATION              :
:
:
:
:
:
————————————————————— x

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Court-appointed Lead Plaintiff Oregon Public Employees Retirement Fund ("Lead Plaintiff"), on behalf of itself and all other members of the Settlement Class (defined below), on the one hand, and Peabody Energy Corporation ("Peabody" or the "Company"), Glenn L. Kellow, and Amy B. Schwetz (collectively, "Defendants"), on the other, by and through their counsel of record in the above-captioned litigation (the "Action") pending in the United States District Court for the Southern District of New York (the "Court"). This Stipulation is intended by the Parties (defined below) to fully, finally, and forever resolve, discharge, and settle the Released Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these terms as defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.      On September 28, 2020, an initial complaint, captioned *Okla. Firefighters Pension & Ret. Sys. v. Peabody Energy Corp. et al.*, Case No. 1:20-cv-08024-PKC, was filed in the United States District Court for the Southern District of New York alleging violations of the federal securities laws against Defendants.  ECF No. 1.

C.      By Order dated January 12, 2021, and pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court: (i) appointed Oregon Public Employees Retirement Fund as Lead Plaintiff; and (ii) approved Labaton Sucharow LLP as Lead Counsel. ECF No. 26.

D.      By Order dated January 25, 2021, the Court renamed the Action *In re Peabody Energy Corp. Securities Litigation*, Case No. 1:20-cv-8024-PKC.  ECF No. 32.

E.      On March 19, 2021, Lead Plaintiff filed the Consolidated Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act against Mr. Kellow and Ms. Schwetz.  ECF No. 38.  The Complaint alleged that the price of Peabody common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was revealed through a series of partial corrective disclosures.

F.      On June 7, 2021, Defendants filed a motion to dismiss the Complaint.  ECF Nos. 41,  47, 48.  On July 22, 2021, Lead Plaintiff filed its memorandum of law in opposition to

the motion to dismiss (ECF No. 45) and, on August 23, 2021, Defendants filed their reply (ECF No. 49).

G.    On March 7, 2022, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint.  ECF No. 50.  As a result of the Opinion and Order, the case proceeded to discovery on two alleged misstatements, both made on September 25, 2018.

H.    On April 6, 2022, the Defendants filed their Answer to the Complaint. ECF No. 54.

I.    Discovery in the Action commenced in April 2022, and the parties began the exchange of document productions in July 2022.

J.    On May 13, 2022, the Court held an initial status conference and set a schedule in the case with class certification to be fully briefed by August 29, 2022; fact discovery to close on December 9, 2022; and expert discovery to close on March 31, 2023.

K.    On July 15, 2022, Lead Plaintiff filed its motion to certify a class for the period from September 22, 2018 through September 28, 2018, inclusive, and for the appointment of Class Representative and Class Counsel.  ECF Nos. 66–69.  In July 2022, the Parties engaged in discovery related to Lead Plaintiff's motion for class certification.

L.    After the Parties began exploring the possibility of reaching a negotiated resolution of the Action, they agreed to participate in a formal mediation and retained David M. Murphy of Phillips ADR to serve as mediator (the "Mediator").

M.    On July 29, 2022, the Parties participated in a full-day mediation session before the Mediator.  At the conclusion of the full-day mediation session, the Parties reached an agreement in principle to settle the Action, which was memorialized in a term sheet executed and finalized

on August 2, 2022 (the "Term Sheet"), subject to the execution of this Stipulation and related papers.

N.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

O.    Throughout the Action, Defendants have denied and continue to deny any and all allegations of wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the proposed class, including all claims in the Complaint.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiff or class members have suffered damage or were otherwise harmed by the conduct alleged in the Action.  Defendants assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and that they did not make any false or misleading statements and disclosed all information required to be disclosed by the federal securities laws. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and the Released Claims.

P.    Whether or not consummated, the Stipulation, any proceedings relating to any settlement, or any of the terms of any settlement, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing

or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted. Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

Q.     Lead Plaintiff believes that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals. They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Lead Counsel also is mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action. Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

**DEFINITIONS**

1.       As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)       "Action" means the civil action captioned *In re Peabody Energy Corp. Securities Litigation,* Case No. 1:20-cv-08024-PKC, pending in the United States District Court for the Southern District of New York before the Honorable P. Kevin Castel.

(b)       "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(c)       "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(d)       "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

(e)       "Defendants" means Peabody Energy Corporation, Glenn L. Kellow, and Amy B. Schwetz.

(f)        "Defendants' Counsel" means the law firm of Cravath Swaine & Moore LLP.

(g)       "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶40 below.

(h)       "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the

6

benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(i)    "Escrow Agent" means Lead Counsel.

(j)    "Fee and Expense Application" means Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any expenses of Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(k)    "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

(l)    "Individual Defendants" means Glenn L. Kellow and Amy B. Schwetz.

(m)    "Judgment" means the judgment to be entered by the Court approving the Settlement which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit B.

(n)    "Lead Counsel" means Labaton Sucharow LLP.

(o)    "Lead Plaintiff" means Oregon Public Employees Retirement Fund.

(p)    "Litigation Expenses" means costs and expenses incurred by Lead Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class pursuant to the PSLRA, for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(q)    "Mediator" means David M. Murphy of Phillips ADR.

(r)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Settlement Fund Taxes; and (iv) any other fees or expenses approved by the Court.

(s)    "Notice" means the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(t)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims for payment from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating

8

with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(u)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v)    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(w)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(x)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(y)    "Released Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (a) asserted in the

9

Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and (2) the purchase or acquisition of Peabody publicly traded common stock during the Settlement Class Period.  For the avoidance of doubt, Released Claims do not include claims to enforce the Settlement or claims that were asserted in *In re Peabody Energy Corp. Derivative Litigation*, 20-cv-01747-CFC (D. Del. 2020) (J. Connolly).

(z)     "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

(aa)     "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, that Defendants could have asserted against any of the Released Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any Person who submits a request for exclusion that is accepted by the Court.

10

(bb)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(cc)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiff, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors,  principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(dd)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ee)     "Settlement Amount" means the total principal amount of four million six hundred twenty-five thousand U.S. dollars ($4,625,000).

(ff)     "Settlement Class" or "Settlement Class Member" means all persons and entities who or which purchased or otherwise acquired Peabody publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) any person who was an officer or director of Peabody during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Peabody's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through

11

such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, and/or assigns of any such excluded person or entity. Also excluded from the Settlement Class will be any person who or which timely and validly seeks exclusion from the Settlement Class in accordance with Notice and the orders of the Court.

(gg)    "Settlement Fund" means the Settlement Amount and any interest earned thereon, after it is deposited into the Escrow Account.

(hh)    "Settlement Hearing" means the final hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved under Rule 23 of the Federal Rules of Civil Procedure.

(ii)    "Stipulation" means this Stipulation and Agreement of Settlement.

(jj)    "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(kk)    "Taxes" means all taxes or similar duties, fees or charges or assessments thereof imposed by a taxing authority, in each case in the nature of a tax, including any interest, penalties and additions imposed with respect to such amount.

(ll)    "Tax Returns" means all Tax returns, declarations, statements, reports, schedules, forms and information returns and statements relating to Taxes, including any schedules and attachments thereto and any amendments thereof, in each case required or permitted to be filed with any taxing authority.

(mm)    "Settlement Class Period" means the period from April 3, 2017 through October 28, 2019, inclusive.

12

(nn)    "Settlement Fund Taxes" means all Taxes arising with respect to any income or gains earned by the Settlement Fund or the operation of the Escrow Account, including, without limitation, (a) any Taxes or Tax detriments to which Defendants may be subject (as computed on a "first-dollar" basis) with respect to (i) any income or gains earned by the Settlement Fund for any period during which the Settlement Fund is not treated, or does not qualify, as a "qualified settlement fund" for federal or state income Tax purposes; and (ii) the payment or reimbursement by the Settlement Fund of any Taxes or Tax detriments described in clause (a)(i) of this definition, and (b) the expenses and costs incurred in connection with the taxation of the Settlement Fund and implementation of paragraph 12 hereof (including, without limitation, interest, penalties, the reasonable expenses of Tax attorneys and accountants, and expenses relating to filing, or failing to file, any Tax Returns).

(oo)    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including but not limited to the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the

13

United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, settle, discharge, extinguish and release, and each Settlement Class Member shall be deemed to have waived, settled, discharged, extinguished and released, and upon the Effective Date and by operation of the Judgment shall have waived, settled, discharged, extinguished and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

<u>SCOPE AND EFFECT OF SETTLEMENT</u>

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims and Released Defendants' Claims.

14

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(ff); (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Released Claims as against all Released Defendant Parties and shall also release all of the Released Defendants' Claims as against all Released Plaintiff Parties. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party, except for the payments as expressly provided for herein.

5.      By operation of the Judgment, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand asserting any and all of the Released Claims against any and all of the Released Defendant Parties.

6.      By operation of the Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors,

successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

## THE SETTLEMENT CONSIDERATION

7.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶5-6, above, all of which the Parties agree are good and valuable consideration, Peabody (on behalf of itself and all Defendants) shall pay, or cause to be paid, by cash, check or other means of immediately available funds, the Settlement Amount into the Escrow Account no later than thirty (30) calendar days following the later of (i) entry of the Preliminary Approval Order; or (ii) Labaton Sucharow providing to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, check and wire transfer instructions, payment address, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid Tax identification number.  Under no circumstances shall Defendants be required to contribute more to the Escrow Account than the Settlement Amount.

8.      With the sole exceptions of Peabody's obligation to effect payment of the Settlement Amount into the Escrow Account as provided for in ¶7, Defendants' obligation to provide notice under the Class Action Fairness Act of 2005 pursuant to ¶22, and Peabody's obligation to provide transfer records to the extent such records are reasonably available to

16

Peabody pursuant to ¶38, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Settlement Fund Taxes, distributions or other payments from the Escrow Account, or the filing of any Tax Returns.

9.      Other than the obligation of Peabody to cause the payment of the Settlement Amount pursuant to ¶7, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.     The Settlement Fund shall be used: (i) to pay any Settlement Fund Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

11.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶23-36 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in

17

instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent.  All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

12.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended (the "Code"), and Treasury Regulation Section 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Section 468B of the Code and Treasury Regulation Section 1.468B-1.  To this end, the Judgment shall provide that the Settlement Fund is approved by the Court as a Qualified Settlement Fund. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 12, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Code and the Treasury Regulations promulgated thereunder, the "administrator" shall be the Escrow Agent or its successors, who shall timely and properly file, or cause to be filed, all Tax Returns necessary or advisable with respect to the Escrow Account (including without limitation the returns described in Treasury Regulation Section 1.468B-2(k) and (l). Such Tax Returns (as well as the "relation-back election" described above) shall be consistent with this subparagraph and in all events shall reflect that all Settlement Fund Taxes shall be paid out of such funds as provided in subparagraph (c) of this paragraph 12.

(b)    All Settlement Fund Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for Settlement Fund Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority; provided, that the Company will timely provide to the Administrator a "Section 1.468B-3 Statement" (as described in Treasury Regulation Section l.468B-3(e)) with respect to any transfers that the Company makes, or causes to be made, to the Escrow Account. In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Settlement Fund Taxes with respect to the Settlement Amount and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any

19

amounts that may be required to be withheld under Treasury Regulation Section 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their Tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 12.

13.     This is not a claims-made settlement.  If all conditions of the Settlement are satisfied and the Effective Date has occurred, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

**ATTORNEYS' FEES AND EXPENSES**

14.     Lead Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiff pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall take no position with respect to any Fee and Expense Application, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses or service awards that the Court may award.

15.     The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.

16.     Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶14-15 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.  Lead Counsel agree that they are subject to the jurisdiction of the Court for purposes of enforcing this paragraph.

17.     With the sole exception of Peabody's obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶7, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

18.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

19.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members,

whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

20.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, are not necessary or material terms of this Stipulation, are not a condition of this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶41 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

21.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

22.     Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may pay from the Settlement Fund Notice and Administration Expenses reasonably and actually incurred.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.  After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.  Defendants shall be responsible for providing any required notice under the Class Action Fairness Act of 2005, if any, at their own expense.

22

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

23.    Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

24.    The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.  Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶7 and 38 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

25.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

26.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶41 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or

23

liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

27.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

28.     If there is any balance remaining in the Net Settlement Fund (whether by reason of Tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Settlement Fund Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Settlement Fund Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization certified as tax-exempt under Section 501(c)(3) of the Code and serving the public interest, designated by Lead Plaintiff and approved by the Court.

**ADMINISTRATION OF THE SETTLEMENT**

29.     Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will nevertheless be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and

24

all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

30.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form submitted.    Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims.  Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

31.    For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for

25

herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)      Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)      Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any

26

supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

32.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

33.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

34.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

27

35.    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶29-34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

36.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

37.    Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

38.    Peabody shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within ten (10) business days of entry of the Preliminary Approval Order, transfer records in electronic searchable form, such as Excel, containing the names and addresses of persons or entities who purchased or acquired Peabody publicly traded common stock during the Settlement Class Period, to the extent such lists are reasonably available to Peabody upon request.

## TERMS OF THE JUDGMENT

39.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel, with Defendants' consent, shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## EFFECTIVE DATE OF SETTLEMENT

40.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)    expiry of the time to exercise the termination rights provided in this Stipulation, or if such termination rights have otherwise been waived; and

(e)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

## WAIVER OR TERMINATION

41.    Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter

29

the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States; or (v) the failure of the Effective Date to occur for any reason. For the avoidance of doubt, Lead Plaintiff shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

42. In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Defendants have the option, which must be exercised collectively, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶47-49 which shall continue to apply.

43.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, or any retractions of requests for exclusion, Lead Counsel shall, on a rolling basis as soon as practicable after receipt, and in no event no later than three (3) calendar days after receiving a request for exclusion or retractions of requests for exclusion, or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel by email of such request for exclusion or retractions of requests for exclusion, and provide copies of such requests or retractions any documentation accompanying it by email.

44.     Lead Plaintiff shall have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶7 above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

45.     If, before the Settlement becomes Final, Peabody files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of Peabody to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered and the Parties and the members of the Settlement Class shall be restored to their litigation positions immediately prior to August 2, 2022.

31

46.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶41-45 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

47.     With the exception of the provisions of ¶¶47-49, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to August 2, 2022; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

48.     In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Settlement Fund Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.  At the request of Defendants, the Escrow Agent or its designees shall apply for any Tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction

of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Peabody.

## NO ADMISSION

49.     Except as set forth in ¶50 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

33

(c)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)      do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

50.      Notwithstanding ¶49 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this

34

Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

51.     All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference. Notwithstanding the foregoing, in the event that there is a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall control.

52.     The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel shall not make any applications for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

53.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

35

54.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.

56.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

58.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60.     All designations and agreements made, or orders entered during the course of the Action, relating to the confidentiality of documents or information shall survive this Stipulation.

61.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

36

62.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

63.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

64.     The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.     Lead Plaintiff and Lead Counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation, including promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application.  Defendants and their counsel agree to cooperate fully and provide such support as may be reasonably requested by Lead Plaintiff or Lead Counsel with respect to such approvals,

37

and the Parties agree to promptly execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

68.    The Parties agree to take no action in connection with the Settlement that is intended to, or that would reasonably be expected to, harm the reputation of any other Party (including a Party's officers, directors, employees, agents, or attorneys), or that would reasonably be expected to lead to unfavorable publicity for any other Party.

69.    No opinion or advice concerning the Tax consequences of the Settlement to individual Settlement Class Members or any of the Parties or any of the Released Defendant Parties is being given or will be given by Lead Counsel or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Settlement.  Settlement Class Members will be directed to consult their own Tax advisors regarding the Tax consequences of the Settlement, and any Tax reporting obligations they might have with respect to it. It is the sole responsibility of each Settlement Class Member to determine the amount of and pay Taxes on any amount received pursuant to the Settlement, and Lead Plaintiff and Defendants shall have no liability for such Taxes. It is understood that the Tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

70.    Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of October 7, 2022.

                                        **LABATON SUCHAROW LLP**

                                        _____
                                        CHRISTINE M. FOX
                                        JAMES M. FEE
                                        140 Broadway
                                        New York, NY 10005

38

Telephone: (212) 907-0700
Facsimile: (212) 818-0477
cfox@labaton.com
jfee@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for
the Proposed Settlement Class*

**CRAVATH SWAINE & MOORE LLP**

_____
KARIN A. DEMASI
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-370life0
kdemasi@cravath.com

*Counsel for Defendants*

39

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————— x
:   Case No. 1:20-cv-08024-PKC

IN RE PEABODY ENERGY CORP.                    :
SECURITIES LITIGATION                           :
:
:
:
:
:
—————————————————————— x

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING**
**DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      On October 7, 2022, Court-appointed Lead Plaintiff Oregon Public Employees Retirement Fund ("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class, on the one hand, and Peabody Energy Corporation ("Peabody" or the "Company"), Glenn L. Kellow, and Amy B. Schwetz (collectively, with Peabody, "Defendants" and, together with Lead Plaintiff, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated Amended Class Action Complaint, filed on March 19, 2021, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.     All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2022 that:

1.     **Preliminary Approval of Settlement**.  The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.     **Preliminary Certification of Settlement Class**.  Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or which purchased or otherwise acquired Peabody publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) any person who was an officer or director of Peabody during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Peabody's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, and/or assigns of any such excluded person or entity.  Also excluded from the Settlement Class will be any person who or which timely and validly seeks exclusion from the Settlement Class as set forth herein.

3.      **Settlement Class Findings**.  The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Oregon Public Employees Retirement Fund is preliminarily certified as Class

Representative for the Settlement Class.  The law firm of Labaton Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5. **Settlement Hearing**.  A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, on _____, 2022, at __:____ _.m., in Courtroom 11D of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, 10007, for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

(c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be appointed as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d) to determine whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of its reasonable costs and expenses directly related to its representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f) to rule upon such other matters as the Court may deem appropriate.

6.    The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further individual notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.    **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively, and finds they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.    **Retention of Claims Administrator**. The Court approves the retention of Strategic Claims Services as the Claims Administrator. The Claims Administrator shall cause the Notice and the Claim Form ("Notice Packet"), substantially in the forms annexed hereto, to be

mailed by first-class mail or emailed, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Peabody, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, within ten (10) business days of entry of this Order and at no cost to Lead Counsel or the Claims Administrator, records from Peabody's transfer agents in electronic searchable form, to the extent available, containing the names, addresses, and emails (to the extent available) of Persons who purchased Peabody publicly traded common stock during the Settlement Class Period.

9.      **Nominee Procedures**.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Peabody publicly traded common stock during the Settlement Class Period as record owners but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, provide a list of the names, addresses, and emails (to the extent available) of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice Packet promptly to such identified beneficial owners either by mail or email (if provided); or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Notice Packet to mail or email to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Notice Packets from the Claims Administrator forward them to all such beneficial owners. Nominees who elect to send the Notice Packet to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the distribution was made and shall retain their mailing/emailing records for use in connection with any further notices that may be provided in the Action.  Upon FULL AND TIMELY

compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.05 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator, for Notice Packets mailed by nominees; $0.05 per mailing record and email address provided to the Claims Administrator; and $0.05 per email of the Notice Packet by the nominee, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form.

11. **Approval of Summary Notice**. The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due

process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    **Participation in Settlement**.  In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, as indicated in the Notice, postmarked or received (in the case of electronic submissions) no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.

(b)    Any Settlement Class Member who does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived any right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the releases provided for therein; and (d) will be permanently barred and enjoined from commencing, instituting, maintaining, prosecuting, or continuing to prosecute any or all of the Released Claims against

each and all of the Released Defendant Parties, as more fully described in the Stipulation and Notice.

(c)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(d)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

15.    **Exclusion from Settlement Class**.  Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing

9

to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Such request for exclusion must state the name, address, email, and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Peabody Energy Corp. Sec. Litig.*, No. 1:20-cv-08024-PKC (S.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Peabody publicly traded common stock during the Settlement Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.    Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

17.    **Objections to Settlement and Appearance at Settlement Hearing**.  Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must state: (a) the name, address, telephone number, and e-mail address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in captioned *In re Peabody Energy Corp. Sec. Litig.*, No. 1:20-cv-08024-PKC (S.D.N.Y.); (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire

10

Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the number of shares of publicly traded common stock of Peabody purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers on the Court and has served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that the objection is received no later than twenty-one (21) calendar days before the Settlement Hearing:

|  |  |
|---|---|
| **Court:** | Clerk of the Court<br>United States District Court for the Southern District of New York<br>Daniel Patrick Moynihan U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 |
| **Lead Counsel:** | Labaton Sucharow LLP<br>Attn: Christine M. Fox, Esq.<br>140 Broadway<br>New York, NY 10005 |
| **Defendants' Counsel:** | Cravath, Swaine & Moore LLP<br>Attn: Karin A. DeMasi<br>825 Eighth Avenue<br>New York, NY 10019 |

18.    Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall

11

otherwise be bound by the Judgment to be entered and the releases to be given, as set forth in Paragraph 15 above.

19.    Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and Litigation Expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

20.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

21.    The Court orders the stay of the Action pending the Settlement Hearing. Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against the Released Defendant Parties.

22.    **Supporting Papers**.  All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

23.    **Settlement Fund**.  All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such

time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

24.    No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation

25.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26.    Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement.

27.    **Termination of Settlement**.  If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 2, 2022.

28.    **Use of this Order**.  Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of

13

any allegation by Lead Plaintiff and the Settlement Class,  or the validity of any claim that was

or could have been asserted in this Action or in any litigation, including but not limited to the

Released Claims, or the deficiency of any defense that has been or could have been asserted in

this Action or in any litigation, or of any liability, damages, negligence, fault, or other

wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against

any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence

of, any presumption, concession, or admission with respect to  any liability, negligence, fault,

or wrongdoing of any kind or in any way referred to for any other reason as against any of the

Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other

than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c)

shall be construed against any of the Released Parties as an admission, concession, or

presumption that the consideration to be given represents the amount which could be or would

have been recovered after trial; provided, however, that if the Stipulation is approved by the

Court, the Released Parties and their respective counsel may refer to it to effectuate the

protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

29.     **Jurisdiction**.  The Court retains exclusive jurisdiction over the Action to consider

all further matters arising out of or connected with the Settlement.

DATED this _____ day of  _____, 2022

BY THE COURT:

_____
Honorable P. Kevin Castel
UNITED STATES DISTRICT JUDGE

14

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                                      :    Case No. 1:20-cv-08024-PKC
IN RE PEABODY ENERGY CORP.                            :
SECURITIES LITIGATION                                 :
                                                      :
                                                      :
                                                      :
———————————————————— x

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

If you purchased or otherwise acquired Peabody Energy Corp. publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive, (the "Settlement Class Period"), you may be entitled to a payment from a class action settlement.

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $4,625,000 cash fund, plus earned interest, if any, for the benefit of Settlement Class Members after the deduction of Court-approved fees, expenses, and Settlement Fund Taxes.  This is an average recovery of approximately $0.04  per allegedly damaged share before deductions for awarded attorneys' fees and litigation expenses, and $0.03 per allegedly damaged share after deductions for awarded attorneys' fees and litigation expenses, as discussed more below.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Oregon Public Employees Retirement Fund ("Lead Plaintiff") asserted on behalf of the Settlement Class (defined below) against Peabody Energy Corporation ("Peabody" or the "Company"), Glenn L. Kellow, and Amy B. Schwetz (collectively, "Defendants," and, together with Lead Plaintiff, the "Parties").  It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated as of October 7, 2022 (the "Stipulation"), which can be viewed at www.strategicclaims.net/Peabody.  All capitalized terms not defined in this Notice have the same meanings as in the Stipulation.

| | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2022** | The <u>only</u> way to get a payment. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS ON OR BEFORE _____, 2022** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Claims. *See* Question 10 for details. |
| **OBJECT ON OR BEFORE _____, 2022** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2022 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2022** | Ask to speak to the Court at the Settlement Hearing about the Settlement. *See* Question 18 for details. |
| **DO NOTHING** | Get no payment. Give up rights. Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them—**are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## PSLRA SUMMARY OF THE NOTICE

### <u>Statement of the Settlement Class's Recovery</u>

1.    Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $4,625,000 (the "Settlement Amount"), which will be deposited into an Escrow Account (the "Settlement Fund"). Based on Lead Plaintiff's consulting damages expert's estimate of the number of shares of Peabody publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, litigation expenses, award to Lead Plaintiff pursuant to the PSLRA,

Settlement Fund Taxes, and Notice and Administration Expenses, would be approximately $0.04 per allegedly damaged share.[2]  If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.03 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Peabody publicly traded common stock the Settlement Class Member purchased during the Settlement Class Period; and (iv) whether and when the Settlement Class Member sold their common stock.  *See* the Plan of Allocation beginning on page [__] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim.  The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent or recklessness; and (iii) the amounts by which the price of Peabody publicly traded common stock was allegedly artificially inflated, if at all, during the Settlement Class Period.

3.    Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, deny each and every one of the claims alleged by

---

[2]    An allegedly damaged share might have been traded, and potentially damaged, more than once during the Settlement Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

- 3 -

Lead Plaintiff in the Action on behalf of the Settlement Class, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions. Defendants assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws, and that they did not make any false or misleading statements and disclosed all information required to be disclosed by the federal securities laws.

**Statement of Attorneys' Fees and Expenses Sought**

4.    Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, *i.e.,* $1,156,250, plus accrued interest at the same rate earned by the Settlement Fund, if any. Lead Counsel will also apply for payment of litigation expenses incurred in prosecuting the Action in an amount not to exceed $250,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.01 per allegedly damaged share of Peabody publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www. strategicclaims.net/Peabody and www.labaton.com after it has been filed with the Court.

**Reasons for the Settlement**

5.    For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to the uncertainty of being able to prove the allegations in the Complaint; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and delays inherent in such litigation.

- 4 -

6.      For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to avoid the further burden, inconvenience and expense of the Action, and the distraction and diversion of personnel and resources.  Defendants have determined that it is desirable to obtain the conclusive and complete dismissal of this Action.

**Identification of Representatives**

7.      Lead Plaintiff and the Settlement Class are represented by Lead Counsel: Christine M. Fox, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, settlementquestions@labaton.com.

8.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: Strategic Claims Services, (866) 274-4004, www.strategicclaims.net/Peabody .

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

9.      The Court authorized that this Notice be sent to you because you or someone in your family may have purchased Peabody publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive (the Settlement Class Period).  **Receipt of this Notice does not mean that you are a member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice.  *See* Question 8 below.**

10.      The Court directed that this Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is assigned to the Honorable P. Kevin Castel, United States District Judge.

| **2. How do I know if I am part of the Settlement Class?** |
| --- |

12.     By the Preliminary Approval Order, the Court preliminarily certified the Action as a class action on behalf of the following Settlement Class.  Everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> **all persons and entities who or which purchased or otherwise acquired Peabody publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive, and were allegedly damaged thereby.**

13.     However, if you received shares on or around April 3, 2017 as a result of Peabody's reissuance of shares in accordance with the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 cases then pending before the U.S. Bankruptcy Court for the Eastern District of Missouri (*In re Peabody Energy Corporation, et al.*, Case No. 16-42529, "Chapter 11 Cases"), **this does not make you a member of the Settlement Class**.  Those shares are not eligible for a recovery because they were originally purchased *before* the Settlement Class Period.  **Only submit a Claim Form if you purchased *new* publicly traded shares during the Settlement Class Period.**

14.     Check your investment records or contact your broker to see if you have any eligible purchases.  The Parties do not independently have access to your trading information.

## 3. Are there exceptions to being included?

15.    Yes.    There are some individuals and entities who are excluded from the Settlement Class by definition.    Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) any person who was an officer or director of Peabody during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Peabody's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, and/or assigns of any such excluded person or entity.    Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

## 4. Why is this a class action?

16.    In a class action, one or more persons or entities (in this case, Lead Plaintiff), sue on behalf of people and entities who have similar claims.    Together, these people and entities are a "class," and each is a "class member."    A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.    One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## 5. What is this case about and what has happened so far?

17.    On March 19, 2021, Lead Plaintiff filed the Consolidated Amended Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act against Defendants Kellow and Schwetz.    Among other things, the Complaint alleged that Defendants made materially false and misleading statements

- 7 -

and omissions with respect to: (i) Peabody's commitment to safety; (ii) the circumstances and timing of a September 2018 fire at the Company's North Goonyella mine in Queensland, Australia; and (iii) the timing of resumption of coal production at the North Goonyella mine following the September 2018 fire. The Complaint further alleged that the price of Peabody common stock was artificially inflated and artificially maintained as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was revealed through a series of partial corrective disclosures.

18.    On June 7, 2021, Defendants filed a motion to dismiss the Complaint. On July 22, 2021, Lead Plaintiff filed its memorandum of law in opposition to the motion to dismiss and, on August 23, 2021, Defendants filed their reply. On March 7, 2022, the Court entered its Opinion and Order granting in part and denying in part Defendants' motion to dismiss the Complaint. As a result of the Opinion and Order, the case proceeded to discovery on two alleged misstatements, both made on September 25, 2018, related to the circumstances and timing of the September 2018 fire at the Company's North Goonyella mine in Queensland, Australia.

19.    On April 6, 2022, the Defendants filed their Answer to the Complaint.

20.    Discovery in the Action commenced in April 2022, and the parties began the exchange of document productions in July 2022.

21.    On July 15, 2022, Lead Plaintiff filed its motion to certify a class for the period from September 22, 2018 through September 28, 2018, inclusive, and for the appointment of class representative and class counsel. In July 2022, the Parties engaged in discovery related to Lead Plaintiff's motion for class certification.

22.    After the Parties began exploring the possibility of reaching a negotiated resolution of the Action, they agreed to participate in a formal mediation and retained David M. Murphy of Phillips ADR to serve as mediator (the "Mediator").

23.    On July 29, 2022, the Parties participated in a full-day mediation session before the Mediator.  At the conclusion of the full-day mediation session, the Parties reached an agreement in principle to settle the Action, which was memorialized in a term sheet executed and finalized on August 2, 2022, subject to the execution of the Stipulation and related papers.

24.    The Stipulation (together with the exhibits thereto) reflects the final and binding agreement between the Parties.

<strong>THE SETTLEMENT BENEFITS</strong>

**7.  What does the Settlement provide?**

25.    In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $4,625,000 payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Settlement Fund Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**8.  How can I receive a payment?**

26.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You may also obtain one from the Claims Administrator's website www.strategicclaims.net/Peabody, or submit a claim online at www.strategicclaims.net/Peabody.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866) 274-4004.

27.    Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the

Claims Administrator so that it is **postmarked or received no later than** _____, **2022.**

28.    **PLEASE NOTE**: If you ONLY received shares on or around April 3, 2017 as a result of Peabody's reissuance of shares in accordance with the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 Cases, DO NOT SUBMIT A CLAIM FORM. Those shares are not eligible for a recovery because they were originally purchased before the Settlement Class Period. **Only submit a Claim Form if you purchased** *new* **publicly traded shares during the Settlement Class Period.**[3]

| 9. What am I giving up to receive a payment and by staying in the Settlement Class? |
| --- |

29.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the "Effective Date" of the Settlement, you will release all "Released Claims" against the "Released Defendant Parties." All of the Court's orders in the Action, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown (defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiff or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions

---

[3] Before the Settlement Class Period, Peabody publicly traded common stock traded under the symbol BTUUQ and CUSIP # 704594203. After the effective date of the Reorganization Plan, beginning on April 3, 2017, shares were traded under the symbol BTU and CUSIP # 704551100.

- 10 -

involved, set forth, or referred to in the Action and (2) the purchase or acquisition of Peabody publicly traded common stock during the Settlement Class Period.  For the avoidance of doubt, Released Claims do not include claims to enforce the Settlement or claims that were asserted in In re Peabody Energy Corp. Derivative Litigation, 20-cv-01747-CFC (D. Del. 2020) (J. Connolly). **"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present direct or indirect subsidiaries, parents, affiliates, principals, successors and predecessors, assigns, officers, directors, shareholders, trustees, partners, agents, fiduciaries, contractors, employees, attorneys, insurers; the spouses, members of the immediate families, representatives, and heirs of the Individual Defendants, as well as any trust of which any Individual Defendant is the settlor or which is for the benefit of any of their immediate family members; any firm, trust, corporation, or entity in which any Defendant has a controlling interest; and any of the legal representatives, heirs, successors in interest or assigns of Defendants.

(b)    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including but not limited to the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United

- 11 -

States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, settle, discharge, extinguish and release, and each Settlement Class Member shall be deemed to have waived, settled, discharged, extinguished and released, and upon the Effective Date and by operation of the Judgment shall have waived, settled, discharged, extinguished and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

30.    The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal. Upon the "Effective Date," the Released Defendant Parties will also provide a release of any claims against the Released Plaintiff Parties arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

- 12 -

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

31.     If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note:** If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10.  How do I exclude myself from the Settlement Class?** |
| --- |

32.     To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Peabody Energy Corp. Sec. Litig.*, No. 1:20-cv-08024-PKC (S.D.N.Y.)." You cannot exclude yourself by telephone or e-mail.  Each request for exclusion must also: (i) state the name, address, email, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Peabody publicly traded common stock the person or entity purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the Person requesting exclusion or an authorized representative.  A request for exclusion must be mailed so that it is **received no later than _____, 2022** at:

> *Peabody Securities Litigation*
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson St., Ste. 205
> Media, PA 19063

33.     This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

34.     If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

| 11. | If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
| --- | --- |

35.     No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit, assuming that lawsuit was timely brought.  Remember, the exclusion deadline is _____, **2022.**

### THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in this case? |
| --- |

36.     Labaton Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members.  You will not be separately charged for the work of Lead Counsel. The Court will determine the amount of attorneys' fees and litigation expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. How will the lawyers be paid? |
| --- |

37.     Lead Counsel has been prosecuting the Action on a contingent basis and has not been paid for any of their work.  Lead Counsel will apply to the Court for an award of attorneys'

fees of no more than 25% of the Settlement Fund, which may include accrued interest. Lead Counsel will also seek payment of litigation expenses incurred in the prosecution and settlement of the Action of no more than $250,000, plus accrued interest, if any, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to its representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**14. How do I tell the Court that I do not like something about the proposed Settlement?**

38. If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

39. To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in *"In re Peabody Energy Corp. Sec. Litig.*, No. 1:20-cv-08024-PKC (S.D.N.Y.)." The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector; (ii) contain a statement of the Settlement Class Member's objection or objections and the specific reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's

- 15 -

attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Peabody publicly traded common stock purchased, acquired, and sold during the Settlement Class Period, as well as the dates and prices of each such purchase, acquisition, and sale.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection.  Your objection must be filed with the Court **no later than** _____**, 2022 and** be mailed or delivered to the following counsel so that it is **received no later than** _____**, 2022. You may do so by using the Court's Case Management/Electronic Case Files system (CM/ECF), delivering by hand, or mailing:**

| **Court** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court** | **Labaton Sucharow LLP** | Cravath, Swaine & Moore LLP |
| United States District Court Southern District of New York Daniel Patrick Moynihan U.S. Courthouse 500 Pearl Street New York, NY 10007 | Christine M. Fox Esq. 140 Broadway New York, NY 10005 | Karin A. DeMasi, Esq. 825 Eighth Avenue New York, NY 10019 |

40.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.  If the Settlement Hearing is held remotely, instructions for participating will be posted at www.strategicclaims.net/Peabody  and www.labaton.com.

**15. What is the difference between objecting and seeking exclusion?**

41.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**THE SETTLEMENT HEARING**

**16. When and where will the Court decide whether to approve the Settlement?**

42.    The Court will hold the Settlement Hearing on _____, **2022 at** \_\_\_\_ **\_.m.,** either remotely or in person, in Courtroom 11D of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY 10007.

43.    At this hearing, the Honorable P. Kevin Castel will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

44.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time and procedures for participating have not changed, or periodically check the

- 17 -

Claims Administrator's website at www.strategicclaims.net/Peabody to see if the Settlement Hearing stays as scheduled or is changed.

**17. Do I have to come to the Settlement Hearing?**

45.    No.  Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2022**.

**18. May I speak at the Settlement Hearing?**

46.    You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____, 2022,** submit a statement that you, or your attorney, intend to appear in "*In re Peabody Energy Corp. Sec. Litig.,* No. 1:20-cv-08024-PKC (S.D.N.Y.)."  If you intend to present evidence at the Settlement Hearing, you must also include in your objection (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**19. What happens if I do nothing at all?**

47.    If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a

- 18 -

Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| 20.  Are there more details about the Settlement? |
| --- |

48.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the case during business hours at the office of the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007.  (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.)  Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

49.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement by visiting the Claims Administrator's website www.strategicclaims.net/Peabody.   You may also call the Claims Administrator toll free at (866) 274-4004 or write to the Claims Administrator at *Peabody Securities Litigation,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Suite 205, Media, PA 19063.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 21.  How will my claim be calculated? |
| --- |

50.     The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval.  The Court may approve this Plan of Allocation or modify it

without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted at: www.strategicclaims.net/Peabody  and www.labaton.com.

51.     As noted above, the Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and litigation expenses, Notice and Administration Expenses, Settlement Fund Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim" according to the Court-approved Plan of Allocation.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement.

52.     The objective of this Plan of Allocation is to distribute the Net Settlement Fund fairly among those Settlement Class Members who allegedly suffered economic losses as a result of the alleged wrongdoing.  To design this plan, Lead Counsel conferred with Lead Plaintiff's damages expert.  This plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiff and Lead Counsel believe were recoverable in the Action.  The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants.

53.     An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased Peabody publicly traded common stock; and (iii) whether and when the claimant sold his, her, or its shares. The computations under the Plan of Allocation are only a method to weigh the claims of

Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

54.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Settlement Class Period, which allegedly artificially inflated the price of Peabody publicly traded common stock.  In developing the Plan of Allocation, Lead Plaintiff's consulting damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Peabody common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.

55.   In this Action, Lead Plaintiff alleges that corrective information allegedly impacting the price of Peabody common stock (which is referred to as a "corrective disclosure") was released to the market on September 28, 2018 (at 2:23 PM ET) and prior to market open on February 6, 2019, May 1, 2019, and October 29, 2019, impacting the market price of Peabody common stock in a statistically significant manner and removing the alleged artificial inflation from the share prices on those dates. Accordingly, in order to have a compensable loss in this Settlement, shares of Peabody common stock must have been purchased or otherwise acquired during the Settlement Class Period and held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

56.   Only publicly traded shares of Peabody common stock purchased or acquired during the Settlement Class Period can be the basis for Recognized Loss Amounts under the Plan

of Allocation. **Common shares reissued to Settlement Class Members in accordance with the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 Cases are not eligible acquisitions.**[4]

57.     For purposes of determining whether a claimant has a "Recognized Claim," if a claimant has more than one purchase/acquisition or sale of Peabody publicly traded common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a "First In First Out" (FIFO) basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

58.     Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase/acquisition of Peabody publicly traded common stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided.  If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

59.     For each share of Peabody publicly traded common stock purchased or otherwise acquired during the Settlement Class Period and sold before the close of trading on January 24, 2020, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

---

[4] Before the Settlement Class Period, Peabody publicly traded common stock traded under the symbol BTUUQ and CUSIP # 704549104.  After the effective date of the Reorganization Plan, beginning on April 3, 2017, shares were traded under the symbol BTU and CUSIP # 704551100.

60.     **For each share of Peabody publicly traded common stock purchased or acquired from April 3, 2017 through and including October 28, 2019, and**:

A. Sold before 2:23 p.m. ET on September 28, 2018,[5] the Recognized Loss Amount for each such share shall be zero.

B. Sold during the period from September 28, 2018 (at or after 2:23 p.m. ET) through October 28, 2019, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below _minus_ the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   2. the Out of Pocket Loss.

C. Sold during the period from October 29, 2019 through January 24, 2020, the Recognized Loss Amount for each such share shall be *the least of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share _minus_ the average closing price from October 29, 2019, up to the date of sale as set forth in **Table 2** below; or

   3. the Out of Pocket Loss.

D. Held as of the close of trading on January 24, 2020, the Recognized Loss Amount for each such share shall be *the lesser of*:

   1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

   2. the actual purchase/acquisition price of each such share _minus_ $9.53.[6]

---

[5] For purposes of this Plan of Allocation, in the absence of time-stamped documentation, the Claims Administrator will assume that any shares purchased/acquired or sold on September 28, 2018 at any price less than or equal to $35.74 per share occurred after the allegedly corrective information was released to the market at 2:23 p.m. ET, and that any shares purchased/acquired or sold on September 28, 2018 at any price greater than $35.74 per share occurred before the release of the allegedly corrective information at 2:23 p.m. ET.

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price

61.    Recognized Loss Amounts for shares of Peabody publicly traded common stock purchased or otherwise acquired during the period from April 3, 2017 through September 21, 2018 will be multiplied by 0.1 (discounted by 90%). This is to reflect the fact that these claims were dismissed by the Court in connection with the Order on Defendants' motion to dismiss. Thus, any recovery on these claims in the Action would have occurred only if the Court's Order dismissing these claims was appealed and the ruling was reversed on appeal.

62.    Recognized Loss Amounts for shares of Peabody publicly traded common stock purchased or otherwise acquired during the period from September 28, 2018 (at or after 2:23 p.m. ET) through October 28, 2019 will be multiplied by 0.25 (discounted by 75%). This is to reflect the fact that these claims were dismissed by the Court in connection with the Order on Defendants' motion to dismiss. Thus, any recovery on these claims in the Action would have occurred only if the Court's Order dismissing these claims was appealed and the ruling was reversed on appeal. Lead Counsel has determined that the litigation risks associated the claims during this portion of the Settlement Class Period, while also significant, were somewhat lower, as reflected in the discount rate applied.

**TABLE 1**

**Peabody Common Stock Artificial Inflation**
**for Purposes of Calculating Purchase and Sale Inflation in Plan of Allocation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| April 3, 2017 – September 28, 2018 (prior to 2:23 p.m. ET) | $13.07 |
| September 28, 2018 (at or after 2:23 p.m. ET) – February 5, 2019 | $7.50 |
| February 6, 2019 – April 30, 2019 | $4.30 |

---

of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Peabody common stock during the "90-day look-back period," October 29, 2019 through January 24, 2020. The mean (average) closing price for Peabody common stock during this 90-day look-back period was $9.53.

- 24 -

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| May 1, 2019 – October 28, 2019 | $2.83 |

## TABLE 2

**Peabody Common Stock Closing Price and Average Closing Price**
**October 29, 2019 – January 24, 2020**

| Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown |
|---|---|---|---|---|---|
| 10/29/2019 | $12.48 | $12.48 | 12/11/2019 | $9.86 | $9.92 |
| 10/30/2019 | $11.84 | $12.16 | 12/12/2019 | $10.13 | $9.93 |
| 10/31/2019 | $10.53 | $11.62 | 12/13/2019 | $10.10 | $9.94 |
| 11/1/2019 | $10.22 | $11.27 | 12/16/2019 | $10.32 | $9.95 |
| 11/4/2019 | $10.41 | $11.10 | 12/17/2019 | $9.58 | $9.94 |
| 11/5/2019 | $10.80 | $11.05 | 12/18/2019 | $9.65 | $9.93 |
| 11/6/2019 | $10.87 | $11.02 | 12/19/2019 | $9.09 | $9.91 |
| 11/7/2019 | $10.86 | $11.00 | 12/20/2019 | $9.04 | $9.88 |
| 11/8/2019 | $10.64 | $10.96 | 12/23/2019 | $9.05 | $9.86 |
| 11/11/2019 | $10.51 | $10.92 | 12/24/2019 | $9.16 | $9.84 |
| 11/12/2019 | $9.63 | $10.80 | 12/26/2019 | $9.34 | $9.83 |
| 11/13/2019 | $9.70 | $10.71 | 12/27/2019 | $9.54 | $9.83 |
| 11/14/2019 | $9.65 | $10.63 | 12/30/2019 | $9.15 | $9.81 |
| 11/15/2019 | $9.51 | $10.55 | 12/31/2019 | $9.12 | $9.79 |
| 11/18/2019 | $8.99 | $10.44 | 1/2/2020 | $9.99 | $9.80 |
| 11/19/2019 | $9.06 | $10.36 | 1/3/2020 | $10.04 | $9.80 |
| 11/20/2019 | $8.96 | $10.27 | 1/6/2020 | $9.91 | $9.81 |
| 11/21/2019 | $9.02 | $10.20 | 1/7/2020 | $9.48 | $9.80 |
| 11/22/2019 | $9.45 | $10.16 | 1/8/2020 | $9.23 | $9.79 |
| 11/25/2019 | $9.82 | $10.15 | 1/9/2020 | $9.01 | $9.77 |
| 11/26/2019 | $9.60 | $10.12 | 1/10/2020 | $8.62 | $9.75 |
| 11/27/2019 | $9.70 | $10.10 | 1/13/2020 | $9.04 | $9.74 |
| 11/29/2019 | $9.68 | $10.08 | 1/14/2020 | $9.00 | $9.72 |
| 12/2/2019 | $9.07 | $10.04 | 1/15/2020 | $8.43 | $9.70 |
| 12/3/2019 | $9.10 | $10.00 | 1/16/2020 | $8.69 | $9.68 |
| 12/4/2019 | $9.05 | $9.97 | 1/17/2020 | $8.57 | $9.66 |
| 12/5/2019 | $9.23 | $9.94 | 1/21/2020 | $8.10 | $9.63 |
| 12/6/2019 | $9.63 | $9.93 | 1/22/2020 | $7.93 | $9.60 |
| 12/9/2019 | $9.87 | $9.93 | 1/23/2020 | $7.62 | $9.57 |

- 25 -

| Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown | | Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown |
|---|---|---|---|---|---|---|
| 12/10/2019 | $9.91 | $9.93 | | 1/24/2020 | $7.47 | $9.53 |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

63.     The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

64.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount is $10.00 or greater.

65.     Purchases and sales of Peabody publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant of shares of Peabody publicly traded common stock by gift, inheritance, or operation of law during the Settlement Class Period will not be deemed an eligible purchase or sale of publicly traded common stock for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase of common stock unless (i) the donor or decedent purchased the shares during the Settlement Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

66.     The date of covering a "short sale" will be deemed to be the date of purchase of the Peabody common stock.  The date of a "short sale" will be deemed to be the date of sale of Peabody common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Peabody common stock, his, her, or its earliest Settlement Class Period purchases of Peabody common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

67.     Option contracts are not securities eligible to participate in the Settlement.  With respect to shares of Peabody common stock purchased or sold through the exercise of an option, the purchase/sale date of the Peabody common stock is the exercise date of the option and the purchase/sale price of the Peabody common stock is the exercise price of the option.

68.     Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Settlement Fund Taxes, attorneys' fees and expenses, if any, the Claims Administrator shall, if feasible and economical, redistribute (redistributions may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Settlement Fund Taxes, and attorneys' fees and expenses, if any, shall be contributed to a non-sectarian, not-for-profit charitable organization certified as tax-exempt

- 27 -

under Section 501(c)(3) of the Code and serving the public interest, designated by Lead Plaintiff and approved by the Court

69.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Settlement Fund Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

70.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her, or its claim.

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

71.    If you purchased or otherwise acquired[7] Peabody publicly traded common stock during the Settlement Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names, addresses, and emails of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners; or (b)

---

[7] Peabody common shares reissued to Settlement Class Members in accordance with the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 Cases are not eligible acquisitions.

request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN TEN (10) CALENDAR DAYS** of receipt, mail or email the Notice and Claim Form directly to all the beneficial owners of those shares. If you choose to follow procedure (b), the Court has also directed that, upon mailing or emailing the Notice and Claim Form, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the distribution was made as directed and keep a record of the names, emails, and mailing addresses used. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.05 per Notice Packet, plus postage at the current pre-sort rate used by the Claims Administrator, for Notice Packets mailed; $0.05 per mailing record and email address provided to the Claims Administrator; and $0.05 per email of the Notice Packet by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Your expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Peabody Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net/Peabody

**PLEASE NOTE**: Peabody common shares reissued to your customers on or around April 3, 2017 pursuant to the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 Cases are not eligible acquisitions.


Dated: _____, 2022                     BY ORDER OF THE UNITED STATES
                                                DISTRICT COURT
                                                SOUTHERN DISTRICT OF NEW YORK

- 29 -

# Exhibit A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ——————————————— x | |
| | : Case No. 1:20-cv-08024-PKC |
| IN RE PEABODY ENERGY CORP. | : |
| SECURITIES LITIGATION | : |
| | : |
| | : |
| | : |
| ——————————————— x | |

## PROOF OF CLAIM AND RELEASE FORM

**I.     GENERAL INSTRUCTIONS**

1.     To recover as a member of the Settlement Class based on your claims in the class action entitled *In re Peabody Energy Corp. Sec. Litig.*, No. 1:20-cv-08024-PKC (S.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.     **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/PEABODY NO LATER THAN _____, 2022 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2022, ADDRESSED AS FOLLOWS:**

*Peabody Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net/Peabody

3.      If you are a member of the Settlement Class and you do not timely request exclusion in response to the Notice dated _____, 2022, you will be bound by and subject to the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

4.      If you purchased or acquired shares of the publicly traded common stock of Peabody Energy Corporation ("Peabody" or the "Company") during the period from April 3, 2017 through October 28, 2019, inclusive (the "Settlement Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased Peabody publicly traded common stock during the Settlement Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      **PLEASE NOTE**: If you ONLY received shares on or around April 3, 2017 as a result of Peabody's reissuance of shares in accordance with the Second Amended Joint Plan of Reorganization and Emergence from the Chapter 11 cases then pending before the U.S. Bankruptcy Court for the Eastern District of Missouri (*In re Peabody Energy Corporation, et al.*, Case No. 16-42529, "Chapter 11 Cases"), **DO NOT SUBMIT A CLAIM FORM**.  Those shares are not eligible for a recovery because they were originally purchased before the Settlement Class Period.  Only submit a Claim Form if you purchased new publicly traded shares during the Settlement Class Period.

6.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Peabody publicly traded common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

7.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or

capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

8.      Use **Part II** of this form entitled "Schedule of Transactions in Peabody Publicly Traded Common Stock" to supply all required details of your transaction(s) in Peabody publicly traded common stock, whether the transactions resulted in a profit or a loss. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet. Failure to report all transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase of Peabody publicly traded common stock. The date of a "short sale" is deemed to be the date of sale.

10.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN PEABODY PUBLICLY TRADED COMMON STOCK.**

11.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Claim's Administrator's website.) All such claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or at info@strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name          MI          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       MI          Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                                    State    ZIP/Postal Code

Foreign Country (only if not USA)                      Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)
___ – __ – ____    OR    __ – _____

Telephone Number (home)              Telephone Number (work)
___ – ___ – ____          ___ – ___ – ____

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):
    Individual (includes joint owner accounts)    Pension Plan        Trust
    Corporation                       Estate
    IRA/401K                    Other _____ (please specify)

4

**PART II:    TRANSACTIONS IN PEABODY PUBLICLY TRADED COMMON STOCK**

| | | | |
|---|---|---|---|
| **1. BEGINNING HOLDINGS -** State the total number of shares of Peabody common stock held at the opening of trading on April 3, 2017.  Include all shares held at the opening of trading, **even if they were also reissued to you on or after April 3, 2017 as a result of the Second Amended Joint Plan of Reorganization.**[1]  If none, write "0" or "Zero." (Must submit documentation.) _____ ||||

**2. PURCHASES DURING THE SETTLEMENT CLASS PERIOD** – Separately list each and every purchase of Peabody common stock from April 3, 2017 through October 28, 2019. **Do not include Peabody shares that were reissued to you as a result of the Second Amended Joint Plan of Reorganization.** (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Peabody common stock purchased from October 29, 2019 through January 24, 2020.[2]  (Must submit documentation.) _____

**4. SALES DURING THE SETTLEMENT CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Peabody common stock from April 3, 2017 through and including the close of trading on January 24, 2020.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS –** State the total number of shares of Peabody common stock held as of the close of trading on January 24, 2020.  If none, write "0" or "Zero." (Must submit documentation.) _____

---

[1] Before the Settlement Class Period, Peabody publicly traded common stock traded under the symbol BTUUQ and CUSIP # 704549104.  After the effective date of the Reorganization Plan, beginning on April 3, 2017, shares were traded under the symbol BTU and CUSIP # 704551100.

[2] Information requested in this Claim Form with respect to your transactions on October 29, 2019 through, and including, January 24, 2020, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions.  Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period.

5

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.    By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in publicly traded Peabody common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in Peabody publicly traded common stock during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

13.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

14.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

6

15. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16. I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Peabody publicly traded common stock that occurred during the Settlement Class Period and the number of shares held by me (us), to the extent requested.

17. I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2022

_____     _____
Signature of Claimant                               Type or print name of Claimant

_____     _____
Signature of Joint Claimant, if any              Type or print name of Joint Claimant

_____     _____
Signature of person signing on behalf        Type or print name of person signing
of Claimant                                              on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

7

**REMINDER CHECKLIST:**

1.   Please sign this Claim Form.

2.   DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.   Attach only copies of supporting documentation as these documents will not be returned to you.

4.   Keep a copy of your Claim Form for your records.

5.   The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.

6.   If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

8

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| | x |
| | : Case No. 1:20-cv-08024-PKC |
| IN RE PEABODY ENERGY CORP. | : |
| SECURITIES LITIGATION | : |
| | : |
| | : |
| | : |
| | x |

---

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED**
**SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To: all persons and entities who or which purchased or otherwise acquired**
**Peabody Energy Corp. publicly traded common stock during the period from**
**April 3, 2017 through October 28, 2019, inclusive (the "Settlement Class Period"),**
**and were damaged thereby (the "Settlement Class")**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the United States District Court for the Southern District of New

York, that Lead Plaintiff Oregon Public Employees Retirement Fund ("Lead Plaintiff"), on

behalf of itself and all members of the Settlement Class, and Peabody Energy Corporation

("Peabody" or the "Company"), Glenn L. Kellow, and Amy B. Schwetz (collectively,

"Defendants," and, together with Lead Plaintiff, the "Parties"), have reached a proposed

settlement of the claims in the above-captioned class action (the "Action") and related claims in

the amount of $4,625,000 (the "Settlement").

A hearing will be held before the Honorable P. Kevin Castel, either in person or remotely

in the Court's discretion, on _____, 2022, at ____ ___.m. in Courtroom 11D of the United

States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S.

Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to determine

whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate;

(ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated October 7, 2022; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT. If you have not yet received a full Notice and Claim Form, you may obtain copies of these documents by visiting the Claim's Administrator's website www._____, or by contacting the Claims Administrator at:

*Peabody Securities Litigation*
c/o _____
P.O. Box_____
_____
City, State Zipcode
www._____
____ ____-_____

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

**LABATON SUCHAROW LLP**
Christine M. Fox, Esq.
140 Broadway
New York, NY 10005
settlementquestions@labaton.com
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2022.* If you are a Settlement Class Member and do not timely submit a valid

2

Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice so that it is *received no later than* _____ __, *2022.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than* _____ __, *2022*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2022            BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         SOUTHERN DISTRICT OF NEW YORK

3

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x
                                              :    Case No. 1:20-cv-08024-PKC
IN RE PEABODY ENERGY CORP.                    :
SECURITIES LITIGATION                         :
                                              :
                                              :
                                              :
                                              :
                                              :
———————————————————— x

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS:

A.    On October 7, 2022, Court-appointed Lead Plaintiff Oregon Public Employees Retirement Fund ("Lead Plaintiff"), on behalf of itself and all other members of the proposed Settlement Class, on the one hand, and Peabody Energy Corporation ("Peabody" or the "Company"), Glenn L. Kellow, and Amy B. Schwetz (collectively, with Peabody, "Defendants" and, together with Lead Plaintiff, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2022 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2022, at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail or emailed, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.    The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2022;

E.    The provisions of the Preliminary Approval Order as to the Notice and Summary Notice were complied with;

F.    On _____, 2022, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2022, at which time all interested Persons were afforded the opportunity to be heard; and

G.    This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the

Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on _____, 2022; and (ii) the Notice, which was filed with the Court on _____, 2022.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.      **Class Action Fairness Act**. The notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, have been satisfied.

4.      **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of:  all persons and entities who or which purchased or otherwise acquired Peabody publicly traded common stock during the period from April 3, 2017 through October 28, 2019, inclusive, and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) any person who was an officer or director of Peabody during the Settlement Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; (v) Peabody's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they

made purchases through such plan(s); and (vi) the legal representatives, affiliates, heirs, successors-in-interest, and/or assigns of any such excluded person or entity.  Lead Plaintiffs and all Settlement Class Members are bound by this Final Order and Judgment.  [Those Persons who or which have timely and validly sought exclusion from the Settlement Class and are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court are excluded from the Settlement Class.]

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Oregon Public Employees Retirement Fund as Class Representative for the Settlement Class; and finally appoints the law firm of Labaton Sucharow LLP as Class Counsel for the Settlement Class.

6.      **Notice**.  The Court finds that the dissemination of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934,

15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

7.      **Objections**.  [There have been no objections to the Settlement.]

8.      **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects, including the treatment of the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and shall be consummated in accordance with the terms and provisions of the Stipulation.

9.      The Consolidated Amended Class Action Complaint (the "Complaint"), filed on March 19, 2021, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

10.    **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

11.    **Releases**.  The releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to paragraph 13 below, upon the Effective Date, Lead Plaintiff shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand asserting any and all of the Released Claims against any and all of the Released Defendant Parties.

12.    Upon the Effective Date, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or  any other person, any

action, suit, cause of action, claim or demand asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

13.    Notwithstanding paragraphs 11 to 12 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

14.    **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiff, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

15.    **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class asserted in the Action, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

16.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17.     **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 48 of the Stipulation.

18.     **Modification of the Stipulation**.  Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment, including the releases entered herein; and (vi) other matters related or ancillary to the foregoing.

21.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of _____, 2022

_____
Honorable P. Kevin Castel
UNITED STATES DISTRICT JUDGE