# Exhibit 5

# Compendium of Unreported Cases

*Ark. Tchr. Ret. Sys. v. Bankrate*,
  No. 13-cv-7183, slip op. (S.D.N.Y. Nov. 25, 2014) ...................................................................1

*In re Celestica Inc. Sec. Litig.*,
  No. 07-cv-00312, slip op. (S.D.N.Y. July 28, 2015) ..................................................................2

*In re Mindbody Inc. Sec. Litig.*,
  No. 1:19-cv-08331, slip op. (S.D.N.Y Oct. 27, 2022) ...............................................................3

*In re NQ Mobile Inc. Sec. Litig.*,
  No. 1:13-cv-07608, slip op. (S.D.N.Y. Mar. 11, 2016) ..............................................................4

*In re Salomon Analyst Metromedia Litig.*,
  No. 02-7966, slip op. (S.D.N.Y. Feb. 27, 2009) .......................................................................5

*In re Silvercorp Metals, Inc. Sec. Litig.*,
  No. 12-cv-9456, slip. op. (S.D.N.Y. Feb. 13, 2015) ..................................................................6

*Stein v. Eagle Bancorp, Inc., et al.,*
  No. 1:19-cv-06873, slip op. (S.D.N.Y. Feb 10, 2022) ...............................................................7

*The Penn. Ave. Funds v. INYX Inc.,*
  No. 08-cv-6857, slip op. (S.D.N.Y. May 5, 2012) .....................................................................8

*In re Van Der Moolen Holding N.V. Sec. Litig.*,
  No. 1:03-CV-8284, slip op. (S.D.N.Y. Dec. 6, 2006) ................................................................9

# TAB 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ARKANSAS TEACHER RETIREMENT SYSTEM and FRESNO COUNTY EMPLOYEES' RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

BANKRATE, INC. et al.,

Defendants.

Case No. 13-cv-7183 (JSR)

**ECF CASE**



## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came on for hearing on November 21, 2014 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, except those persons or entities excluded from the definition of the Settlement Class, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement dated September 17, 2014 (ECF No. 73-1) (the "Amended

Stipulation") and all terms not otherwise defined herein shall have the same meanings as set forth in the Amended Stipulation.

2.     The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3.     Notice of Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Lead Counsel is hereby awarded attorneys' fees in the amount of __25__ % of the Settlement Fund, net of Court-awarded expenses, and $__194,426.83__ in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

5.     Lead Counsel shall be paid 50% of the attorneys' fees awarded and 100% of the approved expenses immediately upon entry of this Order.  Payment of the balance of the attorneys' fees awarded shall be made to Lead Counsel when distribution of the Net Settlement Fund to claimants has been very substantially completed.

6.     In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     The Settlement has created a fund of $18,000,000 in cash that has been funded into escrow pursuant to the terms of the Amended Stipulation, and that numerous

2

Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

(b)  The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiffs, who are institutional investors that oversaw the prosecution and resolution of the Action;

(c)  Copies of the Notice were mailed to over 35,000 potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $300,000, and there were no objections to the requested attorneys' fees and expenses;

(d)  Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e)  The Action raised a number of complex issues;

(f)  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(g)  Lead Counsel devoted over 5,100 hours, with a lodestar value of approximately $2,485,000, to achieve the Settlement; and

(h)  The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7.  Lead Plaintiff Arkansas Teacher Retirement System is hereby awarded $ 4,270.22 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

3

8.      Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $ 850.67 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

9.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.     Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Amended Stipulation and this Order.

11.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Amended Stipulation.

12.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 21st day of November, 2014.

_____
The Honorable Jed S. Rakoff
United States District Judge

#843639

4

# TAB 2

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 8 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————— x
                                      :   Civil Action No.: 07-CV-00312-GBD
                                      :
IN RE CELESTICA INC. SEC. LITIG.      :   (ECF CASE)
                                      :
                                      :   Hon. George B. Daniels
                                      :
———————————————————— x

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

THIS MATTER having come before the Court on July 28, 2015 for a hearing to determine, among other things, whether and in what amount to award Class Counsel in the above-captioned consolidated securities class action (the "Action") attorneys' fees and litigation expenses and Class Representative New Orleans Employees' Retirement System ("New Orleans") expenses relating to its representation of the Class. All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and Agreement of Settlement, dated as of April 17, 2015 (the "Stipulation"). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Class Members and the Claims Administrator.

1

2. Notice of Class Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Class Counsel is hereby awarded attorneys' fees in the amount of $9,000,000 plus interest at the same rate earned by the Settlement Fund (or 30% of the Settlement Fund, which includes interest earned thereon) and payment of litigation expenses in the amount of $1,392,450.33, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4. In accordance with 15 U.S.C. §78u-4(a)(4), for its representation of the Class, the Court hereby awards New Orleans reimbursement of its reasonable lost wages and expenses directly related to its representation of the Class in the amount of $3,645.18.

5. The award of attorneys' fees and expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making the award to Class Counsel of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a common fund of $30 million in cash and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the

2

Case 1:07-cv-01980-GBD   Document 32   Filed 07/28/23   Page 3 of 4

Settlement created by the efforts of plaintiffs' counsel;

(b)     The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Class Representatives, sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to Class Counsel are duly earned and not excessive;

(c)     Notice was disseminated to putative Class Members stating that Class Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus accrued interest, and payment of litigation expenses, and the expenses of Class Representatives for reimbursement of their reasonable lost wages and costs directly related to their representation of the Class, in an amount not to exceed $2 million, plus accrued interest;

(d)     There were no objections to the requested litigation expenses or to the expense request by New Orleans. The Court has received one objection to the fee request, which was submitted by Jeff M. Brown. The Court finds and concludes that Mr. Brown has not established that he is a Class Member with standing to bring the objection and it is overruled on that basis. The Court has also considered the issues raised in the objection and finds that, even if Mr. Brown were to have standing to object, the objection is without merit. The objection is therefore overruled in its entirety;

(e)     Plaintiffs' counsel have expended substantial time and effort pursuing the Action on behalf of the Class;

(f)     The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)     Plaintiffs' counsel pursued the Action on a contingent basis, having

3

received no compensation during the Action, and any fee award has been contingent on the result achieved;

(h)     Plaintiffs' counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(i)     Public policy concerns favor the award of reasonable attorneys' fees in securities class action litigation;

(j)     The amount of attorneys' fees awarded are fair and reasonable and consistent with awards in similar cases; and

(k)     Plaintiffs' counsel have devoted more than 28,130.35 hours, with a lodestar value of $14,324,709.25 to achieve the Settlement.

7.     Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.     Exclusive jurisdiction is hereby retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Class Members.

9.     In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: _____, 2015

JUL 28 2015

_____
Honorable George B. Daniels
UNITED STATES DISTRICT JUDGE

4

# TAB 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/222

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE MINDBODY, INC. SECURITIES LITIGATION | Civil Action No. 1:19-cv-08331-VEC |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

WHEREAS, this matter came on for hearing on October 27, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses, including an award to Co-Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of March 3, 2022 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort, and they were given the opportunity to object by October 14, 2022. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees and Litigation Expenses.

5. Lead Counsel is hereby awarded attorneys' fees in the amount of $2,925,000, plus interest at the same rate earned by the Settlement Fund (*i.e.,* 30% of the Settlement Fund) and $560,715.36 in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $9,750,000 in cash that has been paid into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit valid Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

2

(b)     The fee sought by Lead Counsel has been reviewed and approved as reasonable by Co-Lead Plaintiffs, sophisticated institutional investors that oversaw the prosecution and resolution of the Action;

(c)     22,387 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and Litigation Expenses in an amount not to exceed $800,000;

(d)     The Action required the navigation of highly challenging and complex issues concerning damages, loss causation, falsity, scienter, and materiality within the scope of Mindbody's business and a merger, as well as issues related to class certification, such as whether the fraud on the market presumption of reliance could be applied in this case;

(e)     Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Co-Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f)     Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(g)     The attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable under the circumstances of this case and consistent with awards made within this District;

(h)     Public policy concerns favor the award of attorneys' fees and expenses in securities class action litigation; and

(i)     Lead Counsel expended more than 6,500 hours with a lodestar value of $3,254,648.50, to achieve the Settlement, representing a substantial effort.

7.        Co-Lead Plaintiffs Walleye Trading LLC and Walleye Opportunities Master Fund Ltd. are hereby collectively awarded $8,000 from the Settlement Fund in connection with their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

8.        Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application, including that of Lead Counsel, shall in no way disturb or affect the finality of the Judgment.

9.        Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED this __27__ day of __October__, 2022

_____
HONORABLE VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4

# TAB 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 11, 2016

[EXHIBIT A]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE NQ MOBILE, INC.
SECURITIES LITIGATION

This Document Relates to: All Actions

No. 1:13-cv-07608-WHP

---

**[PROPOSED] ORDER APPROVING AWARD OF ATTORNEYS' FEES AND**
**REIMBURSEMENT OF EXPENSES AND AWARDING LEAD PLAINTIFF VOLIN**
**REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78u-4(a)(4)**

This matter came before the Court on the motion of Lead Counsel for: (1) an award of attorneys' fees; (2) reimbursement of Counsel's litigation expenses; and (2) an award of reasonable costs and expenses to Lead Plaintiff Herbert R. Volin (one of the members of the Lead Plaintiff "Volin Group") under 15 U.S.C. §78u-4(a)(4) in connection with his representation of the Class in this Action (the "Motion"). Having held a Settlement Fairness Hearing on March 11, 2016, and having considered all papers and arguments submitted in support of and in opposition to the Motion and all proceedings in the Action,

**THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Class.

3. Plaintiffs' Counsel are hereby awarded __30__ % of the Settlement Fund in fees, which sum the Court finds to be fair and reasonable, and $ __60,435.96__ in reimbursement of expenses, which fees and expenses shall be paid immediately upon entry of this Order to Lead Counsel from the Settlement Fund. Lead Counsel may determine and distribute the attorneys'

1

fees among other Plaintiffs' Counsel in a manner which, in Lead Counsel's sole discretion, it believes reflects the contributions of such counsel to the prosecution and settlement of the Action with Settling Defendants and the benefits conferred on the Class.

4.   The Court finds that an award of attorneys' fees under the percentage-of-recovery method is proper in this case, and further finds that the requested fee is fair, reasonable, and consistent with awards made in similar cases. Furthermore, the Court has reviewed the factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and finds that they support the award. The Court has also performed a rough lodestar cross-check and finds that the hours and rates are reasonable for the amount and specialized type of work performed. Moreover, the effective lodestar multiplier is well within the range of reasonableness.

5.   The Court further awards $3000 from the Settlement Fund to Lead Plaintiff Herbert R. Volin pursuant to 15 U.S.C. §78u-4(a)(4) for reimbursement of reasonable costs and expenses (including lost wages) directly relating to his representation of the Class in this Action. as set forth in the declaration that Mr. Volin submitted to the Court in support of his request.

IT IS SO ORDERED.

Dated: March 11 , 2016

HON. WILLIAM H. PAULEY, III
UNITED STATES DISTRICT JUDGE

2

# TAB 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE SALOMON ANALYST METROMEDIA
LITIGATION

Case No. 02-CV-7966
Judge Gerard E. Lynch

---

## [PROPOSED] ORDER AWARDING (1) ATTORNEYS' FEES, (2) REIMBURSEMENT OF LITIGATION EXPENSES, AND (3) REIMBURSEMENT OF LEAD PLAINTIFFS' TIME AND EXPENSES

This matter came on for hearing upon the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement, dated as of November 14, 2008 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings held herein and all oral and written comments received regarding the proposed settlement and the request for attorneys' fees, reimbursement of litigation expenses and reimbursement of lead plaintiffs' time and expenses, and having reviewed the entire record in the action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     The Court has jurisdiction over the subject matter of this action, Lead Plaintiffs, all Settlement Class Members and the Defendants.

2.     All capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation.

3.     Co-Lead Counsel are hereby awarded attorneys' fees of **27** % of the Settlement Fund, valued at approximately $ 35,011,787 as of January 30, 2009, plus interest accruing thereon at the same rate as earned on the Settlement Fund, until paid. The award of **27**% of the

2/27/09

Settlement Fund, plus interest accruing thereon at the same rate as earned on the Settlement Fund, is reasonable and appropriate.

4. Co-Lead Counsel are hereby also awarded $989,296.11 as reimbursement of their out-of-pocket expenses. This award of reimbursement of expenses is reasonable and appropriate.

5. Lead Plaintiffs Techgains Corporation, Peter Carolan, and Frank Russo, Jr. are awarded $5,000 each in reimbursement of their own costs and expenses relating to their representation of the Settlement Class. This award of reimbursement of lead plaintiffs' time and expenses is reasonable and appropriate.

Dated: New York, New York
 Feb. 27 , 2009

United States District Judge
Gerard E. Lynch

2

# TAB 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE SILVERCORP METALS, INC.<br>SECURITIES LITIGATION | Case No. 12-cv-9456 (JSR)<br><br>**CLASS ACTION** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILE
DOC #: _____
DATE FILED: 2/13/15

 **[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL**

**WHEREAS:**

(A)    This Action[1] was originally commenced on or about December 28, 2012. Plaintiffs Charles A. Burnes and Dale Hachiya were appointed as Lead Plaintiffs on April 15, 2013, and the Court approved their choice of counsel, Pomerantz Grossman Hufford Dahlstrom & Gross, n/k/a Pomerantz LLP. An Amended Complaint was filed June 11, 2013, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5) against Silvercorp, Feng, and Tang.

(B)    By order entered August 8, 2013, which the Court reaffirmed in a memorandum entered July 1, 2014, the motion to dismiss Feng and Tang was granted, and Lead Plaintiffs' GAAP claim against Silvercorp was dismissed, but Silvercorp's motion to dismiss was otherwise denied.

---

[1] Capitalized terms herein shall have the same definitions as set forth in the Stipulation and Agreement of Settlement (the "Stipulation").

(C)     On October 23, 2014, Lead Plaintiffs, acting on behalf of themselves and a proposed Settlement Class, entered into a Stipulation with Settling Defendants to settle this Action on the terms provided therein.

(D)     Pursuant to the Preliminary Approval Order entered on November 12/2014, this Court scheduled a Settlement Hearing for February 9, 2015, at 4:00 p.m., to, *inter alia*, determine: (a) whether the proposed Settlement was fair, reasonable, and adequate, and should be approved by the Court; and (b) whether a judgment substantially in the form hereof should be entered herein (the "Final Approval Hearing").

(E)     The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.

(F)     Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having held a Settlement Hearing on February 9, 2015 and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1.     The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as through fully set forth herein.  All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

2.     This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including Settlement Class Members.

- 2 -

3.      For purposes of Settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is certified as a class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons or entities that purchased Silvercorp common stock on the NYSE market between May 20, 2009 and September 13, 2011 (both dates inclusive). Excluded from the Settlement Class are Defendants, the current officers and directors of Silvercorp, the former officers and directors of Silvercorp, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

4.      Also excluded from the Settlement Class are all persons and/or entities who excluded themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice, their names appearing on Exhibit A hereto. They are not bound by this Order and Final Judgment (the "Judgment"), and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Settlement Class Claims on behalf of those who are bound by this Judgment.

5.      The Court affirms its finding that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies the above Settlement Class solely for purposes of this Settlement, finding that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that Lead Plaintiffs have fairly and adequately represented the interests of the Settlement Class, the Court affirms its appointment of Lead Plaintiffs as the class representatives for the Settlement Class. The Court finds that Lead Counsel have fairly and adequately represented the interests of the Settlement Class, and affirms its appointment of Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. This Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all implemented in accordance with the terms of the Settlement Stipulation and the Court's Preliminary Approval Order:

(a) Constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) Were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not excluded themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class;

(c) Were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) Fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the

- 4 -

Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

8.      The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

9.      The Settlement set forth in the Stipulation is fully and finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class taking into account, *inter alia*, the benefits to the Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation.  It shall be consummated in accordance with the terms and provisions therein, and the Lead Plaintiffs and the Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10.      The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate.  Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11.      Upon the Effective Date, Lead Plaintiffs and Settlement Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf of themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Settlement Class Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.

12.      Upon the Effective Date, Settling Defendants, on behalf themselves and their heirs, executors, administrators, insurers, reinsurers, and assigns, and any person(s) they represent, shall

- 5 -

be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Defendant Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

13.     The Settlement Consideration having been paid to the Escrow Account by Settling Defendants, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Defendants pursuant to the Stipulation and/or further order of this Court.

14.     The Settling Defendants and all former defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Settling Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation. This Judgment, whether or not it becomes Final, and any statements made or proceedings taken pursuant to it:

(a)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

(b)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission

- 6 -

with respect to any statement or written document approved or made by any of the Released Parties, or against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Lead Plaintiffs.

(c)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the Lead Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment, provided, however, that, the Released Parties, the Lead Plaintiffs, and any Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation and may file this Judgment in any action brought against them to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith-settlement, judgment bar, reduction, or any theory of claim or issue preclusion (or similar argument, defense, or counterclaim);

(d)     Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

- 7 -

(e) Is not, shall not be deemed to be, and may not be argued to be or offered or received against Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f) Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

15. No person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 48 of the Stipulation, are not materially inconsistent with this Judgment, and do not materially limit the rights of the Settlement Class Members under the Stipulation.  This Court finds that during the course of this Action, all Parties, Lead Counsel and counsel to the Settling Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.     Lead Counsel are awarded attorneys' fees in the amount of three million five hundred thousand U.S. dollars (USD$3,500,000.00) and reimbursement of expenses, including experts' fees and expenses, in the amount of two hundred twenty-six thousand, nine hundred thirty-three U.S. dollars and ninety-three cents (USD$226,933.93), such amounts to be paid from out of the Settlement Fund.  Lead Plaintiffs Dale Hachiya and Charles A Burnes are awarded the sum of twelve thousand five hundred U.S. dollars (USD$12,500.00) each, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

19.     The attorneys' fees and expenses awarded herein shall be payable from the Settlement Fund, 50% payable ten (10) business days after entry of this Judgment and 50% payable upon distribution of the Settlement fund proceeds to the Class.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and

reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

21. This Action and all Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation or this Judgment.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on ___2/11___, 2015.

THE HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

- 10 -

Case 1:12-cv-09456-JSR Document 81 Filed 02/13/13 Page 11 of 11

## Exhibit A

Persons Excluded From The Settlement

(1)     Richard G. Byerly, 3315 Cargill Street, Pittsburgh, PA 15219;

(2)     Dmitry I. Kamenev, 1075 Myrtle Street, Apt. 13, Los Alamos, NM 87544.

# TAB 7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  v.<br><br>EAGLE BANCORP, INC., SUSAN G. RIEL, RONALD D. PAUL, CHARLES D. LEVINGSTON, JAMES H. LANGMEAD, and LAURENCE E. BENSIGNOR,<br><br>     Defendants. | Case No. 1:19-cv-06873-LGS |

## ORDER AWARDING ATTORNEYS' FEES
## AND REIMBURSEMENT OF LITIGATION EXPENSES

This matter came on for hearing on January 20, 2022 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was provided to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated June 28, 2021 (ECF No. 72-1, "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the action and all parties to this action, including all Settlement Class Members.

3.      Notice of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

1

4.  Per Lead Counsel's motion for attorneys' fees as amended by it's letter of January 27, 2022 (Dkt. Nos 85, 101), Lead Counsel are hereby awarded attorneys' fees in the amount of $2,250,000, which is 30% of  the 7.5 million settlement amount, and $71,121.58 in reimbursement of counsel's out-of-pocket litigation expenses, which fees and expenses shall be paid from the Settlement Fund.  The Court finds these sums to be fair and reasonable.  Half of the fee award and all of the expense reimbursement are payable immediately, and the remaining half of the fee award is payable upon substantial distribution to the Settlement Class upon prior written notice to the Court.

5.  In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)  The Settlement has created a fund of $7,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel and other Plaintiffs' Counsel;

(b)  Approximately 35,448 Notice Packets, consisting of the Notice and Claim Form, were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not exceed 33⅓% of the Settlement Fund and reimbursement of Litigation Expenses in an amount not to exceed $105,000.  There were no objections to the requested attorneys' fees and reimbursement of Litigation Expenses;

(c)  Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)  The Action raised a number of complex issues;

2

(e)  Had Lead Counsel not achieved the Settlement there would remain a significant risk that Plaintiffs and the other members of the Settlement Class may have recovered less than the Settlement Amount, or nothing at all, from Defendants;

(f)  Plaintiffs' Counsel devoted at least 2,164.10 hours through December 14, 2021, with a lodestar value of approximately $1,531,095.00 and a lodestar multiplier of 1.47, to achieve the Settlement; and

(g)  The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.  Lead Plaintiff Danilee Cassinelli, as Trustee of the Danilee Cassinelli Trust DTD 7-23-93 is hereby awarded $7,500 from the Settlement Fund as reimbursement for her reasonable costs and expenses directly related to her representation of the Settlement Class.

7.  Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.  Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

9.  In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement.

10.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 10th day of February, 2022.

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4

# TAB 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-4-12

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-06857-PKC |
| INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP, <br><br> Defendants. | |

[PROPOSED]
**FINAL ORDER AND JUDGMENT**     PKC

This matter came before the Court for hearing pursuant to an Order of this Court dated February 9, 2012 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of February 9, 2012 (the "Stipulation") entered into by Plaintiff David S. Lenington, through Class Counsel, Brower Piven, A Professional Corporation, on behalf of himself and the Class, and defendants Inyx, Inc. ("Inyx"), appearing without counsel through its Chairman and CEO Dr. Jack Kachkar, and Jack Kachkar, Rima Goldshmidt, and Jay M. Green, appearing *pro se* (the "Defendants" and together with Lead Plaintiff, the "Settling Parties"), and, following a hearing on May 4, 2012 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. For purposes of this Class Judgment, the Class, as certified by Order of this Court dated July 5, 2011, is defined as all purchasers of Inyx common stock between April 1, 2005 and July 2, 2007, inclusive. Excluded from the Class are Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Inyx, members of any such excluded person's families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Class shall also exclude those Persons listed in Exhibit 1 hereto who requested exclusion from the Class.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds and Class Counsel's application for an award of attorneys' fees and reimbursement of expenses, as directed by this Court's Preliminary Approval Order, and that the forms and methods for providing such notice to Class Members constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort, and satisfied all of the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws.

4. All Class Members who did not request to exclude themselves by written communication postmarked or delivered on or before April 27, 2012 are bound by this Judgment.

5. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members.

6. Pursuant to Fed. R. Civ. P. 23(e), this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement, and all transactions preparatory and incident thereto, is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiff and all Class Members based on, among other things: the Settlement resulted from arm's-length negotiations between the Settling Parties and/or their counsel; the amount of the recovery for Class Members being within the range of reasonableness given the strengths and weaknesses of the claims and defenses thereto and the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pretrial, trial and appellate procedures; the recommendation of the Settling Parties, in particular experienced Class Counsel, and the absence of objections from any Class Member to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and conditions. The Settling Parties are hereby directed to perform the terms of the Stipulation, and the Clerk of the Court is directed to enter and docket this Class Judgment in this Action.

7. Upon the Effective Date, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of this Class Judgment shall have fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and all of the Released Claims against the Released Parties, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation or the Settlement. All members of the Class shall be bound by the releases set forth in the Stipulation whether or not they submit a valid and timely Proof of Claim.

8.     Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged and shall forever be enjoined from prosecution against Plaintiff, each and all of the Class Members and Class Counsel from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of this Action, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation, the Settlement or this Judgment.

9.     The adequacy of the representation of the Class by Lead Plaintiff and Class Counsel is hereby determined to, at all times, have been consistent with the requirements of Fed. R. Civ. P. 23, the Private Securities Litigation Reform Act of 1995, and due process.

10.     The Action is hereby dismissed without costs to any Settling Party except as provided in the Stipulation, and with prejudice.

11.     Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties, except that nothing herein is meant to bar any claim relating solely to performance or enforcement of the Stipulation, the Settlement or this Class Judgment.

12.     The Court finds that during the course of this Action, the Settling Parties and/or their counsel at all times complied with the requirements of Fed. R. Civ. P. 11 and 26, and that Class Counsel has, at all times, complied with all of the rules and canons of professional conduct.

13.     This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Class Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Settlement and Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to members of the Class as provided in the Stipulation and Plan of Allocation.

14.     No Authorized Claimant shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.   No Authorized Claimant shall have any claim against Defendants or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

15.     This Court hereby awards Class Counsel attorneys' fees in the amount of 33 1/3% less out-of-pocket expenses PKC of the Settlement Fund, and reimbursement of their out-of-pocket expenses incurred in the prosecution of this Action on behalf of the Class in the amount of $105,594.24, with interest at the same rate earned by the Settlement Fund on such amounts from the date of this Class Judgment until such amounts are actually paid to Class Counsel.  The Court finds that the amount of attorneys' fees awarded herein is fair and reasonable based on:  the work performed and costs incurred by Class Counsel; the complexity of the case; the risks undertaken by Class Counsel and the contingent nature of their employment; the quality of the work performed by Class Counsel in this Action and their standing and experience in prosecuting similar class action

securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for members of the Class through the Settlement; and the absence of objections from Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Class Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Class Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members.

16. All payments of attorneys' fees and reimbursement of expenses to Class Counsel in this Action shall be made from the Settlement Fund, when and to the extent funds are available in the Settlement Fund to make such payments. Class Counsel may deduct all or part of their ~~attorneys' fees and~~ expenses immediately upon the Settlement Fund receiving any Installment, Discount, Balloon or Alternate Balloon Payments until the award of ~~of attorneys' fees and~~ expenses herein, with interest thereon, has been fully paid. No distributions to Class members will be made until Class Counsel has been paid the full amount of their award of ~~attorneys' fees and~~ expenses, all Notice and Settlement administration expenses have been paid and all taxes due and owing have been paid. The Released Parties shall have no liability or responsibility for the payment of any of Plaintiff's or Class Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

17. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Class Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Class Judgment and each shall be considered separate for the purposes of appellate review of this Class Judgment.

*Thereafter Class Counsel may receive a proportionate payment from each payment made into the Settlement Fund.*

6

18.     Pursuant to the Private Securities Litigation Reform Act of 1995 and as may be provided by applicable federal or state statutes or common law, all actions and claims for contribution are permanently barred, enjoined and finally discharged (a) against the Released Parties and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class Members has been extinguished pursuant to the Stipulation or this Class Judgment.

19.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation, or the Effective Date does not occur, the Settlement Fund shall be returned to Defendants, and this Class Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     In the event of a material breach of the Stipulation by Inyx, and Inyx is notified of such default as provided by the Stipulation, Class Counsel shall enforce the terms of the Stipulation as provided therein and, pursuant to the terms of the Stipulation, Class Counsel may enter or apply to this Court for entry, as necessary to assure its enforceability, of the Kachkar Judgment substantially in the form annexed hereto as Exhibit 2 upon submission by Class Counsel of evidence that Class Counsel has complied with the terms of the Stipulation for entry of such judgment.

21.     Without affecting the finality of this Class Judgment in any way, this Court hereby retains continuing jurisdiction over this Action, Class Members and the Released Parties for the purposes of: (a) supervising the implementation, enforcement, construction and interpretation of the Stipulation, the Plan of Allocation and this Judgment; (b) hearing and

7

determining any application by Class Counsel for an award of attorneys' fees and expenses if determination is not made at the Settlement Hearing; (c) supervising the distribution of the Settlement Fund; and (d) supervising any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

Dated: May 4 , 2012

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

The case is closed. All motions are terminated.

8

Exhibit 1

## Persons Who Requested Exclusion From The Class

| Name | Address | Shares Held at the Close of the Market on July 1, 2007 |
|------|---------|--------------------------------------------------------|
| Quaker Funds, Inc. | 309 Technology Drive, Malvern, PA 19355 | 13,000 shares |
| James P. Acosta | 235 E. 57th St. Apt. 2D, New York, NY 10022 | 10,565 shares |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PENNSYLVANIA AVENUE FUNDS, Individually And On Behalf of All Others Similarly Situated, | Civil Action No. 08-cv-06857-PKC |
| INYX INC., JACK KACHKAR, STEVEN HANDLEY, RIMA GOLDSHMIDT, JAY M. GREEN and BERKOVITS & COMPANY, LLP, <br><br> Defendants. | |

### [PROPOSED]
### CONSENT JUDGMENT

This matter came before the Court for hearing pursuant to the Final Judgment (the "Class Judgment") entered by this Court on _____, 2012, approving the settlement (the "Settlement") on the terms and conditions set forth in a Stipulation and Agreement of Settlement dated as of February 9, 2012 (the "Stipulation") entered into by Plaintiff David S. Lenington, through Class Counsel, Brower Piven, A Professional Corporation ("Class Counsel") on behalf of himself and the Class, and defendants Inyx, Inc. ("Inyx"), appearing without counsel through its Chairman and CEO Dr. Jack Kachkar, and Dr. Jack Kachkar, Rima Goldshmidt and Jay M. Green, appearing *pro se* (the "Defendants" and together with Lead Plaintiff, the "Settling Parties").

In connection with the Stipulation and Class Judgment, defendant Dr. Jack Kachkar agreed that, if Inyx defaulted on its obligations under the Stipulation to make certain periodic cash payments and/or failed to convey certain intellectual property to Class Counsel as provided for in the Stipulation, that such obligations would be accelerated and that, after notice and

Balloon Payments to Class Counsel. Class Counsel has the right to enter the self-executing

For Defendant Dr. Jack Kachkar, *Pro Se*:

Dr. Jack Kachkar, M.D.
445 Grand Bay Drive, Apt. 1210
Key Biscayne, FL 33149

For Lead Plaintiff David S. Lenington and the Class:

David A.P. Brower, Esq.
Brower Piven
  A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone:  212-501-9000
Facsimile:  212-501-0300

# TAB 9

12/08/2006 14:39 FAX 212 805 7925        JUDGE ROBERT W. SWEET                    ☑002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VAN DER MOOLEN HOLDING N.V. SECURITIES LITIGATION | Civil Action No. 1:03-CV-8284 (RWS) |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

This matter came before the Court for hearing pursuant to an Order of this Court, dated October 6, 2006, on the application of the Parties for approval of the settlement (the "Settlement") set forth in the Stipulation of Settlement, dated as of October 3, 2006 (the "Stipulation"). Due and adequate notice having been given of the Settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. The Court finds that Co-Lead Counsels' request for attorneys' fees is fair and reasonable, and that the request is supported by the relevant factors, which have been considered by this Court. The Court finds that the fee request is supported by, *inter alia*, the following:

(a) the Settlement provides for an $8 million cash fund, plus interest, (the "Gross Settlement Fund"); and that Settlement Class Members who file timely and valid claims will benefit from the Settlement created by Co-Lead Counsel;

(b)     the Summary Notice was published over the *Primezone Media Network* newswire; and over 4,800 copies of the Notice were disseminated to putative Settlement Class Members indicating that at the December 6, 2006 hearing, Plaintiffs' Counsel intended to seek up to 33⅓% of the $8 million Gross Settlement Fund in attorneys' fees and to seek reimbursement of their expenses in an amount not to exceed $180,000, plus interest, and no objection was filed against either the terms of the proposed Settlement or the fees and expenses to be requested by Plaintiffs' Counsel;

(c)     Plaintiffs' Counsel have devoted 3,965 hours, with a lodestar value of $1,493,003.66, to achieve the Settlement;

(d)     Co-Lead Plaintiffs faced complex factual and legal issues in this Action, which they have actively prosecuted for almost three years, and in the absence of a Settlement, would be required to overcome many complex factual and legal issues;

(e)     if Co-Lead Counsel had not achieved the Settlement, there was a risk of either nonpayment or of achieving a smaller recovery;

(f)     Co-Lead Counsel have conducted this litigation and achieved the Settlement with skill and efficiency;

(g)     the amount of attorneys' fees awarded and expenses reimbursed from the Gross Settlement Fund are consistent with the awards in similar cases; and

(h)     public policy considerations support encouraging the legal community to continue to undertake similar litigations.

4.     Plaintiffs' Counsel are hereby awarded 33⅓% of the Gross Settlement Fund as and for their attorneys' fees, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $ 125,657.45 in reimbursement of their reasonable expenses, incurred in the course of prosecuting this action, from the Gross Settlement Fund, together with interest from the date the Settlement Fund was funded to the date of payment at the same net rate that the

2

Settlement Fund earns. The above amounts shall be paid to Co-Lead Counsel pursuant to the terms of the Stipulation, from the Gross Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Action.

5.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Settlement Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Parties shall be returned to the *status quo ante*.

Dated: New York, New York, December 6 2006

_____

THE HONORABLE ROBERT W. SWEET
UNITED STATES DISTRICT JUDGE

Submitted by:

**LABATON SUCHAROW & RUDOFF LLP**
Lynda J. Grant (LJG-4784)
Michael S. Marks (MM-0475)
100 Park Avenue
New York, NY 10017
Tel:  (212) 907-0700
Fax:  818-0477

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

3

**SCHIFFRIN & BARROWAY, LLP**
David Kessler
Eric Lechtzin
Kay E. Sickles
280 King of Prussia Rd.
Radnor, PA 19087
Tel: 610.667.7706
Fax: 610.667.7056

*Co-Lead Counsel for Plaintiffs and the Settlement Class*

4